## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JOAN E. FARR, individually *pro se*, and in the interests of American citizens, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Case No. 2:22-cv-2476-DDC-GEB |
| UNITED STATES GOVERNMENT; DEPARTMENT OF DEFENSE; DEPARTMENT OF JUSTICE; U.S. SENATOR JAMES INHOFE LUKE HOLLAND; U.S. SENATOR JERRY MORAN; STATE OF KANSAS; KANSAS SECRETARY OF STATE SCOTT SCHWAB; FEDERAL BUREAU OF INVESTIGATION; CENTRAL INTELLIGENCE AGENCY; INTERNAL REVENUE SERVICE; ASSISTANT U.S. ATTORNEY CHRISTOPHER ALLMAN; SEDGWICK COUNTY DISTRICT COURT; and other known/unknown state and government actors. ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. ) ) | |

### DEFENDANT SCOTT SCHWAB'S MOTION FOR LEAVE
### TO EXCEED THE PAGE LIMIT FOR HIS MOTION TO DISMISS

Defendant Kansas Secretary of State Scott Schwab ("the Secretary") respectfully moves the Court pursuant to Local Rule 7.1(d)(4) for an order authorizing, *nunc pro tunc*, the Secretary to exceed the page limit for his motion to dismiss by two pages.

1.  Earlier today (December 15, 2015), the Secretary filed a motion and memorandum to dismiss Plaintiff's Complaint for lack of subject-matter jurisdiction and failure to state a claim upon which relief can be granted.  Dkts. 10-11.

2.  The Secretary's memorandum in support of the motion to dismiss, excluding the caption, was approximately 16½ pages.  Under the amended local rule that took effect two weeks

1

ago, motions to dismiss are limited to 15 pages in the absence of a court order authorizing greater length.  *See* Local Rule 7.1(d)(3).  The Secretary's supporting memorandum therefore, exceeded the page limit by approximately 1½ pages.

3. The Secretary requests this additional two pages because of the prolixity of the Plaintiff's eight-count Complaint and the necessity of asserting defenses based on lack of subject-matter jurisdiction as well as failure to state a claim upon which relief can be granted.  Because Plaintiff's Complaint was ambiguous as to whether the claims against the Secretary were in his official or individual capacity, the Secretary was required to raise both Eleventh Amendment immunity (for official capacity claims) and insufficient pleading (for individual capacity claims).

4. The Secretary was served on December 1, 2022, which made his motion to dismiss due December 22, 2022.  But he filed his motion seven days before the deadline.  And this motion is likewise being filed seven days before the filing deadline.

5. The Secretary regrets not filing this motion prior to filing his motion to dismiss but no parties have been prejudiced by the timing.

Accordingly, the Secretary humbly requests that this Court grant his motion and enter an order authorizing him, *nunc pro tunc*, to exceed by two pages the otherwise applicable 15-page limit for filing his motion to dismiss.

Respectfully Submitted,

By: /s/ Bradley J. Schlozman
Bradley J. Schlozman (KS Bar #17621)
**HINKLE LAW FIRM LLC**
1617 North Waterfront Parkway, Suite 400
Wichita, KS 67206
Tel.: (316) 267-2000
Fax: (316) 630-8466
E-mail: bschlozman@hinklaw.com

>Garrett R. Roe (KS Bar #26867)
>**HINKLE LAW FIRM LLC**
>8711 Penrose Lane, Suite 400
>Lenexa, KS 66219
>Tel:  (913) 345-9205
>Fax: (913) 345-4832
>Email: groe@hinklaw.com
>
>*Attorneys for Secretary of State Scott Schwab*

## CERTIFICATE OF SERVICE

I certify that on December 15, 2022, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notifications of such filing to the e-mail addresses on the electronic mail notice list.

>By: /s/ Bradley J. Schlozman

3