Joan E. Farr
7145 Blueberry Lane
Derby, KS 67037
Phone: 918.698.3289
JoanFarr73@aol.com

FILED
U.S. District Court
District of Kansas

DEC 3 0 2022

Clerk, U.S. District Court
By _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

Joan E. Farr, individually, *pro se*, )
and in the interests of American citizens, )
)
Plaintiff, )
)
vs. ) Case No. 2:22-cv-2476-DDC-GEB
)
United States Government, Department of Defense, )
Department of Justice, United States Senator James Inhofe, )
Luke Holland, United States Senator Jerry Moran, State of )
Kansas, Kansas Secretary of State Scott Schwab, Federal )
Bureau of Investigation, Central Intelligence Agency, Internal )
Revenue Service, U.S. Assistant Attorney Christopher Allman, )
Sedgwick County District Court, other known/unknown state )
and government actors, )
)
Defendants. )
_____)

**PLAINTIFF'S RESPONSE TO DEFENDANTS STATE OF KANSAS
AND SEDGWICK COUNTY DISTRICT COURT'S MOTION TO DISMISS
AND MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

COMES NOW the plaintiff, Joan E. Farr, individually *pro se,* and in the interests of American citizens, files this response to defendants State of Kansas and Sedgwick County District Court's motion to dismiss and memorandum in support of their motion to dismiss. Plaintiff contends that the defendants have failed to address each of her claims and therefore, dismissal must be denied. A reviewing court "must resolve every factual dispute in the plaintiff's favor when determining whether the petition states any valid claim for relief." *Steckline Communications Inc. v. Journal Broadcast Group of Kansas Inc.*, 305 Kan. 761, 767-68, 388 P.3d 84 (2017).

**STATEMENT OF THE CASE**

Defendants' contend that all of plaintiff's claims are "fantastical." However, it is all of their arguments which are fantastical. They have no factual evidence to support the mere gestures they offer.

1

## ARGUMENT AND AUTHORITIES

1. **Standards for Dismissal**

Defense counsel states only that "the standards for dismissal are well known to the Court and need not be repeated here." (Doc. 8, p. 2). Since, they have failed to state with specificity which law to address, plaintiff has no response.

2. **The State of Kansas and Sedgwick County District Court are Entitled to Eleventh Amendment Immunity.**

These defendants are not entitled to Eleventh Amendment immunity in any way, shape or form. Plaintiff has plead violations under 42 USC 1983, 42 USC 1985, First, Fourth and Fourteenth Amendments which defense counsel has conveniently ignored, and the defendants were fully aware of her Constitutional rights. The central purpose of a 1983 is to "give a remedy to parties deprived of constitutional rights, privileges and immunities by an official's abuse of his position. *Monroe v. Pape*, 365 U.S. 167, 172, 81 S. Ct. 473, 476, 5 L.Ed.2d 492 (1961)(emphasis added). Also, "the scope of a 1983 defendant's qualified immunity... depends on how obviously he was violating the Constitution." *Lerwill v. Joslin,* 712 F.2d 440-441 (Footnote7)(1983).

Sedgwick County Court Judges Owens, Dewey and Journey, as well as U.S. Attorney Duston Slinkard, Acting U.S. Attorney Christopher Allman and Luke Holland acted outside the scope of their authority when they conspired with Senators Inhofe and Moran as part of the "schemed plan" to retaliate against plaintiff and eventually try to have her committed so no one would vote for her. This is more than apparent to any reasonable person who reads the facts and evidence in this case. Therefore, none of the defendants can invoke the State's sovereign immunity and remain responsible for their official conduct. Indeed, "if the law was clearly established, the immunity defense ordinarily fails, since a reasonably competent public official should know the law governing his conduct. *Harlow v. Fitzgerald*, 102 S.Ct. 2727, 2738 (1982); see also *Owen v. Independence*, 100 S.C.T. 1398, 445 US 622 (Officers of the court have no immunity from liability when violating a Constitutional right, for they are deemed to know the law.)"

The United States Supreme Court has declined to construe a 1983 to extend absolute immunity in

2

a number of cases. Government officials performing discretionary functions generally are shielded from liability for civil damages <u>insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.</u>" See *Procunier v. Navarette*, 434 U.S. 555, 565, 98 S.Ct.855, 861, 55 L.Ed.2d 24 (1978); *Wood v. Strickland*, 420 U.S., at 322, 95 S.Ct., at 1001. A woman acquitted of second-degree murder sued a state prosecutor and investigator under 42 U.S.C. 1983 and obtained a damage award against both after trial. See *Hilliard v. Williams*, 516 F.2d 1344 (Ca.6 1975).

  The high court has also provided an important exception to the Eleventh Amendment sovereign immunity called the Stripping Doctrine. See *Ex Parte Young*, 209 U.S. 123 (1908). This doctrine is a legal fiction which allows injunctive relief against what are essentially state actions. While the Eleventh Amendment immunizes states from actions by private parties, the Stripping Doctrine argues that when a state officer [or official] takes an unconstitutional action, he acts beyond the scope of his authority, as no State could have authorized him to act unconstitutionally. When acting outside such authority an actor is "stripped" of his official power and cannot invoke the State's immunity, although he remains subject to the consequences of his official conduct. The doctrine is a legal fiction because the official acting unconstitutionally, was outside his official duties, but the citizen can now sue him for injunctive relief in his official capacity.

  Plaintiff has unequivocally expressed the facts and evidence in this matter so as to render this case an exception to the rule that the United States Government is traditionally immune from lawsuits. Even if the Court did not agree, it would be in the best interest of our nation to consent to be sued in this case, since dismissal would be deemed egregious and only serve to exacerbate the general public's lack of trust and faith in our justice system.

3. **Sedgwick County District Court Lacks Capacity to Be Sued.**

  See arguments under # 2. No reasonable person would believe that Sedgwick County District Court and its employees are entitled to absolute judicial immunity in this case. They are liable for damages under K.S.A. 75-6103 which states that for a governmental entity to be liable under this statute, there must be: (1) a negligent or wrongful act or omission by one of its employees; (2) the employee must be acting within the

3

scope of his employment; and (3) under circumstances where the governmental entity, if a private person, would be liable under the laws of this state. *Hopkins v. State 237* Kan. 601, 609 (Kan. 1985). One can look at the statutes which created the Kansas Turnpike Authority, now K.S.A. 1984 Supp. 68-2004, and the Kansas Highway Commission, G.S. 1929, 68-419. As in *Anderson Cattle Co. v. Kansas Turnpike Authority*, 180 Kan. 749, 755, 308 P.2d 172 (1957), both agencies were statutorily given capacity to sue and be sued.

4. **Sedgwick County District Court is Entitled to Judicial Immunity.**

See arguments under # 2 and # 3. It cannot be disputed that defendants Sedgwick County District Court and the State of Kansas knew the plaintiff's rights as court judges and state officials. The cause of action provided in 42 U.S.C. 1983 is fundamentally one for "mis(use) of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *United States v. Classic,* 313 U.S. 299, 326, 61 S.Ct. 1031, 1043, 85 L.Ed. 1368 (1941). Furthermore, officers of the court have no immunity from liability when violating a Constitutional right. For they are deemed to know the law." *Owen v. Independence*, 100 S.C.T. 1398, 445 US 622 (1980).

5. **Farr Fails to State a Claim.**

Plaintiff's "laundry list of woes" are not conclusory in the least. She has articulated her clearly established constitutional rights and the defendants' conduct which violated her rights with specificity. Under Kansas law, a plaintiff must show a meeting of the minds to prove a conspiracy. This is inferred and implied by the timeline of facts and evidence presented in her case. Plaintiff's conspiracy claims are warranted in the mind of any reasonable person. She is entitled to inference and if on the facts relief could be granted, a case should not be involuntarily dismissed. *Casey v. Phillips Pipeline Co.,* 199 K. 538, 539, 552, 431 P.2d 518 (1967). Furthermore, allegations of conspiracy may form the basis of a [Section] 1983 claim. *Hunt v. Bennett,* 17 F.3d 1263, 1266 (10th Cir. 1994); also, *Tonkovich v. Kansas Bd. Of Regents,* 159 F.3d, 504,509 (10th Cir. 1998). Indeed, a just court would not abuse its discretion by intending to dispose of plaintiff's entire cause of action.

Direct evidence of a conspiracy is rarely available, and existence of a conspiracy must usually

be inferred from the circumstances. *Fisher v. Shamburg*, 624 F.2d 156 (1980). Furthermore, on a motion to dismiss, the court must draw all reasonable inferences in the plaintiffs' favor. *Tonkovich v. Kansas Bd. of Regents,* 159 F.3d, 533 (10th Cir. 1998). The reasonable inference to be drawn from all of the allegations in plaintiff's Complaint is that the defendants engaged in concerted action with the common goal of willfully and maliciously conspiring with Senators Inhofe and Moran in a "schemed plan" to retaliate against plaintiff to cause her intentional emotional distress and bodily harm. Fed.R.Civ.P.12(b) states that "if on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and <u>all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56</u>." Plaintiff has not yet been given the opportunity to depose defendants and present further evidence during discovery in this matter. Therefore, dismissal is improper at this time.

   Furthermore, summary judgment is proper only if there is no genuine issue as to any material fact. See *El Paso Natural Gas Co. v. Kysar Ins. Agency*, judgment as a matter of law, 93 N.M. 732, 735, 605 P.2d 240, 243 (Ct. App. 1979). This issue is controverted since there are plenty of genuine issues as to material facts in this case. Further discovery is warranted in the minds of any reasonable person which any just court would agree, and this would reveal the willful and malicious conduct by the defendants.

   Plaintiff was denied equal protection of the laws because she was not treated fairly and equally by the defendants in this matter. <u>U.S. Constit. Amend. XIV</u>. They arrogantly persecuted her at the direction of Senators Inhofe and Moran to cause her severe distress, knowing she had been denied legal representation for 22 years. Protection of individuals against arbitrary government action is the great purpose of the due process clause. *Dent v. West Virginia*, 129 U.S. 114, 124, 9 S. Ct. 231, 32 L. Ed. 623 (1889); see also *Wilwording v. Swenson*, C.A.Mo. 1974, 50 F.2d 844, *cert. denied* 95 S.Ct.835, 420 U.S. 912, 42 L.ed.2d 843, on remand 405 F.Supp. 447. Indeed, the due process clause of Amendment V and Amendment XIV are directed at the protection of the individual, who is entitled to the immunity thereof as much against the state as against the national government. *Curry v. McCanless, Tenn.* 1939, 59 S.Ct. 900, 307 U.S. 357, 83 L.Ed.1339.

5

To dismiss this case for any reason is improper, particularly for failure to state a claim for which relief may be granted. It is obvious to any reasonable person that plaintiff has stated her claims clearly and has offered substantial evidence to support the facts in this matter. Also, the Federal Tort Claims Act does not waive sovereign immunity of the United States for Constitutional claims. *Helton v. U.S.*, D.D.C. 2002, 191 F.Supp.2d 179. They are not exempt, because they clearly violated plaintiff's constitutional rights by engaging in such willful and malicious acts. In order to show outrageous governmental conduct, plaintiffs' facts and evidence must show that "challenged governmental conduct violated fundamental fairness, shocking to a universal sense of justice, mandated by this clause." *U.S. v. Horowitz*, C.A. Fla., 1984, 725 F.2d 1561, cert. Denied 105 S. Ct. 563, 469 U.S. 1072, 83L. Ed. 2d 504. Plaintiff has more than met this requirement. American citizens should not live in fear of crimes against humanity by their own government and which plaintiff continues to experience. Injunctive relief is needed since the defendants continue to break into her home and steal her documents (see EXHIBIT A).

6. **Farr's State Law Claim for Intentional Infliction of Emotional Distress Should Be Dismissed or Supplemental Jurisdiction Should be Declined.**

Plaintiff's factual allegations are not conclusory, fantastic or delusional in the least, and any reasonable person would agree. She has plead facts and shown evidence that allow the court to draw the reasonable inference that the defendants (i) intended to and did cause an injury; (ii) acted willfully; and (iii) acted maliciously. See *Ross v. Stranger (In re Stranger)*, Case No. 9:11-bk-07194-FMD (Bankr. M.D. Fla. Nov. 5, 2013). This case concerns a conspiracy exposing an undermining of the Kansas legal system and election process by acting officials. The defendants are so arrogant, they have no respect for justice or people. Plaintiff has clearly shown two factors commonly present when outrageous government conduct is successful in Kansas: government creation of crime and substantial coercion. *U.S. v. Ailsworth*, 873 F.Supp. 1450 (1994). The conduct of the defendants offended fundamental fairness and is shocking to a universal sense of justice mandated by the due process clause. *U.S. v. Holveck*, 867 F.Supp. 969 (1994).

Numerous *pro se* cases have been dismissed that were deemed fantastical and delusional claims when they were not, and this has denied plaintiffs due process of law. In this case, Farr presents clear and

convincing evidence to prove her claims prior to discovery, and it is ignored. If courts turn a blind eye to claims that are valid, supported and egregious in the mind of any reasonable person, where is the justice for "all" as stated in our Pledge of Allegiance? Plaintiff's factual allegations are all in good faith. She could not have run a non-profit organization called the Association for Honest Attorneys for 16 years based on lies.

7. **Farr should not be given the opportunity to amend.**

Plaintiff can prevail on her facts and evidence, and her claims are substantiated. She should be given the opportunity to amend her Complaint to prevent manifest injustice from continuing toward her, since defendant has presented no evidence or affidavits to prove her claims invalid. It would be a clear abuse of discretion for this Court to dismiss based on the defendant's bald assertions.

WHEREFORE, plaintiff respectfully requests that this Court deny the defendants' motion to dismiss for the aforementioned reasons and allow discovery to proceed.

Respectfully submitted,

/s/ Joan E. Farr
Joan E. Farr, plaintiff *pro se*
7145 Blueberry Lane
Derby, Kansas 67037
Phone: 918.698.3289
Email: JoanFarr73@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of December, 2022, a copy of the above and foregoing Plaintiff's Response to Defendants State of Kansas and Sedgwick County District Court's Motion to Dismiss and Memorandum in Support was filed with the United States District Court for the District of Kansas, and copies deposited in the United States mail, postage prepaid and properly addressed, to:

Stephen Phillips, KS No. 14130
Asst. A.G., Civil Litigation Div.
120 SW 10th Avenue, Second Floor
Topeka, Kansas 66612-1597
Phone: (785) 296-2215
Email: steve.phillips@ag.ks.gov
*Attorney for State of Kansas
and Sedgwick County District Court*

/s/ Joan E. Farr
Joan E. Farr, plaintiff *pro se*
7145 Blueberry Lane
Derby, Kansas 67037
Phone: 918.698.3289
Email: JoanFarr73@aol.com

7