## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JOAN E. FARR,             )
                              )
               Plaintiff,    )
                              )
v.                           )       **Case No. 22-2476-DDC-GEB**
                              )
UNITED STATES GOVERNMENT,  )
et al.,                  )
                              )
              Defendants.   )
                              )

## <u>MEMORANDUM AND ORDER</u>

This matter is before the Court on Defendants' State of Kansas and Sedgwick County District Court ("State Defendants") Motion to Stay Discovery ("Motion") (**ECF No. 9**). After review of the Motion and Plaintiff's Response (ECF No. 30), the Court determined no reply is necessary and considering the arguments of the parties, State Defendants' Motion to Stay is **GRANTED**.

### I.    Background[1]

Plaintiff filed her Complaint against the United States Government, United States Department of Defense, United States Department of Justice, United States Senator James Inhofe, Luke Holland, United States Senator Jerry Moran, the State of Kansas, Kansas

---

[1] Unless otherwise indicated, the information recited in this section is taken from the Complaint (ECF No. 1), the briefing surrounding the pending Motions to Dismiss (ECF No. 7 – State Defendants and ECF No. 11 - Defendant Scott Schwab), and Plaintiff's Motion for Leave to Amend with proposed Amended Complaint (ECF No. 37). This background information should not be construed as judicial findings or factual determinations.

Secretary of State Scott Schwab, Federal Bureau of Investigation, Central Intelligence Agency, Internal Revenue Service, Assistant United States Attorney Christopher Allman, Sedgwick County District Court, and other known and unknown state and government actors on November 21, 2022. She alleges Defendants violated her right to freedom of speech under the First Amendment, right to privacy under the Fourth Amendment, and right to due process and equal protection under the Fourteenth Amendment; denied her rights under color of law violating 42 U.S.C. § 1983, 42 U.S.C. § 242, 42 U.S.C. § 1985; and includes other various federal and state law claims related to her senatorial campaigns against Senator James Inhofe in 2020 and 2022.

Although Plaintiff continues to work to obtain service of her initial Complaint on all Defendants, the State Defendants (ECF No. 7) and Defendant Scott Schwab ("Moving Defendants") (ECF No. 10) have filed motions to dismiss. The Moving Defendants bring their motions pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) failure to state a claim. All allege they are entitled to immunity from suit under the Eleventh Amendment. The Sedgwick County District Court  also alleges it is entitled to judicial immunity. Plaintiff filed a Motion for Leave to File Amended Complaint (ECF No. 37) which the Court found as moot but briefly extended Plaintiff's time to file an amended complaint as a matter of right pursuant to Fed. R. Civ. P. 15(a)(1).[2] The Amended Complaint has not been filed at this time. After filing their Motion to Dismiss, the State Defendants filed the current Motion requesting a stay of all discovery and related Rule 26

---

[2] ECF No. 38.

proceedings, including the obligation to provide initial disclosures, conduct a Rule 26(f) conference and attend a Scheduling Conference pending resolution of their Motion to Dismiss.

## II.     Motion to Stay Discovery (ECF No. 9)

In their Motion, the State Defendants argue a stay is necessary because they assert Eleventh Amendment immunity defenses and the Sedgwick County District Court asserts a judicial immunity defense, which should mean immunity from the burdens and expenses of discovery. Additionally, they argue a stay would be appropriate under the *Wolf* factors.[3] Plaintiff opposes any stay of the proceedings due to continued manifest injustice toward her, "arriving at the truth in legal matters is never wasteful and burdensome," and sovereign immunity does not apply to government officials when Constitutional rights are violated. She does not address the *Wolf* factors.

### A.     Legal Standard

A decision on whether to stay litigation is within the Court's inherent power to control its docket and rests in its sound discretion.[4]  The general policy of this District is to continue with discovery during the pendency of dispositive motions.[5] However, there are recognized exceptions to this rule. One such exception applies where a defendant seeks

---

[3] *Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994).

[4] *See Accountable Health Sols., LLC v. Wellness Corp. Sols., LLC*, No. 16-2494-DDC, 2016 WL 4761839, at *1 (D. Kan. Sept. 13, 2016); *Universal Premium Acceptance Corp. v. Oxford Bank & Trust,* No. 02–2448–KHV, 2002 WL 31898217, at *1 (D. Kan. Dec. 10, 2002) (citing *Pet Milk Co. v. Ritter,* 323 F.2d 586, 588 (10th Cir. 1963)).

[5] *Accountable Health Sols.*, 2016 WL 4761839, at *1 (citing *Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994)).

dismissal based on absolute or qualified immunity.[6] "[B]ecause qualified immunity protects against the burdens of discovery as well as trial, a district court may stay discovery upon the filing of a dispositive motion based on qualified immunity."[7] Courts in this district have also stayed discovery with pending motions to dismiss based on judicial or Eleventh Amendment immunity.[8]

Even where immunity is not an issue, a court considers whether the *Wolf* factors apply to make a stay of discovery appropriate. Those factors are:

1) where the case is likely to be finally concluded as a result of the ruling      on the pending dispositive motion;

2) where the facts sought through uncompleted discovery would not affect the resolution of the motion; or

3) where discovery on all issues of the broad complaint would be wasteful and burdensome.[9]

---

[6] *Id.*; *see also Fattaey v. Kansas State Univ.*, No. 15-9314-JAR, 2016 WL 3743104, at *1 (D. Kan. July 13, 2016) (citing *Kutilek v. Gannon*, 132 F.R.D. 296, 298 (D. Kan. 1990).

[7] *Stonecipher v. Valles*, 759 F.3d 1134, 1148 (10th Cir. 2014) (citing *Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004)).

[8] *Digital Ally, Inc. v, Taser, Int'l, Inc.*, No. 16-2032-CM, 2016 WL 5944497, *3, n. 17 (D. Kan. Oct. 13, 2016) ("See *Tennant [v. Miller*, No. 13-2143-EFM], 2013 WL 4848836, at *1 (granting motion to stay discovery based upon motion seeking dismissal based in part on qualified and Eleventh Amendment immunity); *Randle v. Hopson*, No. 12-CV-2497-KHV-DJW, 2013 WL 120145, at *2 (D. Kan. Jan. 9, 2013) (granting stay of discovery pending a ruling on motion to dismiss asserting sovereign and judicial immunity); *Hwang v. Kansas State Univ.*, No. 11-4185-EFM, 2012 WL 3292835, at *2 (D. Kan. Aug. 13, 2012) (granting stay of discovery pending a ruling on the defendant's motion to dismiss based on sovereign immunity); *Wedel v. Craig*, No. 10-1134-EFM, 2010 WL 2545974, at *2 (D. Kan. June 22, 2010) (granting stay of discovery pending a ruling on motion to dismiss asserting Eleventh Amendment and judicial immunity)").

[9] *Accountable Health Sols.*, 2016 WL 4761839, at *1; *Randle v. Hopson*, No. 12-2497-KHV-DJW, 2013 WL 120145, at *1 (D. Kan. Jan. 9, 2013) (citing *Wolf*, 157 F.R.D. at 495).

### B.    Discussion

After consideration of the relevant factors, the Court finds both the immunity defenses raised by the Moving Defendants and the *Wolf* factors weigh in favor of a stay. The Moving Defendants all raise Eleventh Amendment or other immunity defenses. It is clear such defenses protects against the burdens of discovery.[10] Turning to the *Wolf* factors, although the Court declines to express any opinion regarding the merits of the Moving Defendants' motions to dismiss, should they be granted all claims against them would be dismissed. Next, no party has suggested additional discovery is necessary for the District Judge to decide the motions to dismiss. Plaintiff has already filed her response to both motions.[11] Therefore, any information sought through discovery would not affect the resolution of the motions. And finally, the Court finds discovery would be wasteful and burdensome at this time.

### C.    Conclusion

As discussed above, when immunity is asserted by a motion to dismiss, a stay of discovery is proper pending a ruling on the immunity issue. Here, multiple immunity defenses are raised. Discovery has not commenced and a Fed. R. Civ. P. 16(b) scheduling conference has not been held. Exercising its discretion, the Court finds a stay of full discovery appropriate under the circumstances of this case. This stay does not affect Plaintiff's continuing efforts to obtain service on all Defendants.

---

[10] *Stonecipher*, 759 F.3d at 1148.
[11] ECF Nos. 35 and 36.

**IT IS THEREFORE ORDERED** that Defendants' Motion (**ECF No. 9**) is **GRANTED.** Following decision on the pending motions to dismiss as well as any additional motions to be filed once Plaintiff obtains service on all Defendants, if the matter proceeds in any fashion, the Court will promptly reconvene the parties to address scheduling.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 4th day of January, 2023.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge
