IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOAN E. FARR,

                Plaintiff,

vs.                                                               Case No. 22-2476-DDC-GEB

UNITED STATES GOVERNMENT, et al.,

                Defendants.

**Combined Response of Defendants United States Senator James Inhofe,
United States Senator Jerry Moran, Former Chief of Staff to Senator Inhofe
Luke Holland, and Assistant United States Attorney Christopher Allman in
<u>Opposition to Plaintiff's Motions for Default Judgment (Docs. 31, 32, 33, and 34)</u>**

Defendants United States Senator James Inhofe, United States Senator Jerry Moran, Former Chief of Staff to Senator Inhofe Luke Holland, and Assistant United States Attorney Christopher Allman, by counsel, Duston J. Slinkard, United States Attorney for the District of Kansas, submits this response in opposition to Plaintiff Joan Farr's motions for default judgment against Defendants Inhofe, Moran, Holland and Allman (Docs. 31, 32, 33, and 34).

<u>INTRODUCTION</u>

On November 21, 2022, pro se Plaintiff Joan Farr commenced this action (*Farr III*) against the United States government, agencies of the United States, and four officers or employees of the United States—United States Senator James Inhofe, United States Senator Jerry Moran, Former Chief of Staff to Senator Inhofe Luke Holland, and Assistant United States Attorney Christopher Allman. (Doc. 1). Farr's Complaint also names other non-federal persons or entities as defendants.

This action is a third in a line of cases filed by Farr over the last two years arising from essentially the same fact pattern of an alleged mass conspiracy by government agencies and

1

employees to take illegal action against Farr by surveilling her, by targeting her family and acquaintances through the use of energy weapons and the transmission of Covid, by sabotaging her political campaign, by breaking up her romantic relationships using undercover intelligence operatives, and by retaliating against her through the abovementioned tactics and through difficult-to-follow claims regarding malicious prosecution.  The Court has dismissed the prior two actions arising on the same fantastical fact patterns in *Farr v. United States Government*, Case No. 21-2183-JWB, 2022 WL 124032, (D. Kan. Jan. 13, 2022) ("*Farr I*") and recently, *Farr v. Curry, et al.*, Case No. 22-2120-DDC-KGG, 2022 WL 17819560 (D. Kan. Dec. 20, 2022) ) ("*Farr II*").  The responding Defendants suggest this action is likely to be dismissed on similar or nearly identical grounds, including principles of issue preclusion.

## LEGAL STANDARD

Recently this Court summarized the two-step process for obtaining a default judgment under Fed. R. Civ. P. 55:

> Federal Rule of Civil Procedure 55 adopts a two-step process for securing a default judgment. First, Rule 55(a) authorizes the Clerk to enter a default against a party who "has failed to plead or otherwise defend" a lawsuit. Second, after the Clerk enters default, plaintiff may request the Clerk to enter judgment if the amount sought is "a sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b)(1).
>
> "Once the default is established, defendant has no further standing to contest the factual allegations of plaintiff's claim for relief." *Mathiason v. Aquinas Home Health Care, Inc.*, 187 F. Supp. 3d 1269, 1274 (D. Kan. 2016) (citations and internal quotation marks omitted). But, even after default, "'it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'" *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010) (quoting 10A Charles A. Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice and Procedure* § 2688 (3d ed. 1998) (further citation omitted)). When deciding whether to enter a default judgment, a district court enjoys broad discretion. *Mathiason*, 187 F. Supp. 3d at 1274.
>
> When ruling on a motion for default judgment, the court takes the factual allegations in the complaint as true, "except for those relating to the amount of

2

damages." *Hermeris, Inc.*, 2012 WL 1091581, at *1. The court may award damages " 'only if the record adequately reflects the basis for [the] award via a hearing or a demonstration by detailed affidavits establishing the necessary facts.'" *DeMarsh v. Tornado Innovations, L.P.*, No. 08-2588-JWL, 2009 WL 3720180, at *2 (D. Kan. Nov. 4, 2009) (*quoting Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (further citations and internal quotation marks omitted)).

*Corp. Lodging Consultants, Inc. v. Forman Indus., Inc.*, No. 22-1139-DDC-GEB, 2022 WL 17471520, at *1–2 (D. Kan. Dec. 6, 2022).

## ANALYSIS

I. THE COURT SHOULD DENY THE MOTIONS FOR DEFAULT JUDGMENT BECAUSE THEY ARE PROCEDURALLY IMPROPER AND ILL-PREMISED.

Farr's motions for default judgment should be denied for several reasons. First, Farr did not first apply for nor was she granted entry of default against any defendant under Rule 55(a), so default judgment cannot be entered. *See Pitts v. Matevousian*, No. 20-CV-02691-RM-KLM, 2021 WL 22335, at *1 (D. Colo. Jan. 4, 2021) ("As default has not been entered, default judgment may not be granted. Thus, any request for default judgment is denied.").

Second, even had Farr only requested entry of default under Rule 55(a), those requests would have been denied because Farr's calculation of the due date for the answer or other responsive pleading for each of these Defendants is simply wrong. Although Fed. R. Civ. P. 12(a)(1) indicates that an answer or other responsive pleading is due within 21 days of service, that provision does not apply to the United States, its agencies, or officer or employees. Instead, United States Senator James Inhofe, United States Senator Jerry Moran, Former Chief of Staff to Senator Inhofe Luke Holland, and Assistant United States Attorney Christopher Allman are afforded 60 days to file an answer or other responsive pleading after service under either Fed. R. Civ. P. 12(a)(2) or (a)(3), which provide:

3

>(2) United States and Its Agencies, Officers, or Employees Sued in an Official Capacity. The United States, a United States agency, or a United States officer or employee sued only in an official capacity must serve an answer to a complaint, counterclaim, or crossclaim within 60 days after service on the United States attorney.
>
>(3) United States Officers or Employees Sued in an Individual Capacity. A United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf must serve an answer to a complaint, counterclaim, or crossclaim within 60 days after service on the officer or employee or service on the United States attorney, whichever is later.

Consequently, based upon the 60 days afforded federal employees to answer, the answer or other responsive pleading for these Defendants is currently[1] due on **January 27, 2023**—so none of these Defendants have defaulted as Farr erroneously alleges. *See Pitts v. Matevousian*, No. 20-CV-02691-RM-KLM, 2021 WL 22335, at *2 (D. Colo. Jan. 4, 2021) ("Plaintiff's request for default fares no better. Here, although the Clerk noted a response deadline of November 30, 2020, the Federal Rules of Civil Procedure must nonetheless be examined to determine if this is correct. And, here, where a government officer or employee is sued only in his official capacity, Rule 12(a)(2) specifically allows a response within 60 days of service, not 21 days generally allowed to private litigants. 4 Adam N. Steinman, *Federal Practice & Procedure* § 1027 (4th ed. Supp. 2020); *Landry v. Smith*, 58 F. App'x 439, 441 (10th Cir. 2003) ("Rule 12(a) gives a federal governmental defendant 60 days in which to answer a plaintiff's complaint," or a Rule 12(b)(6) defense may be raised in a pre-answer motion."). Thus, the Clerk's docket entry does not control, and default may not enter. Accordingly, it is ORDERED that Plaintiff's Motion for Default (ECF No. 40) is DENIED.").

---

[1] Concomitant with the filing of this response, all federal defendants separately seek an automatic clerk's extension of 14 days under D. Kan. Rule 77.2(a)(2), which will make their answer or other responsive pleading due on February 10, 2023.

As a pro se litigant, Farr is expected to comply with all of this Court's rules including the Federal Rules of Civil Procedure. *See Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994) ("[P]ro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."); *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) ("This court has repeatedly insisted that pro se parties 'follow the same rules of procedure that govern other litigants.'") (*quoting Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992)). Prior to filing this motion, Farr should have reviewed the applicable rules with greater care. Indeed, each of the Summonses in a Civil Action attached to her motions for default judgment as Attachments A specifically state that "[w]ithin 21 days after service of this summons on you (not counting the day you received it)—*or 60 days if you are the United States or a United States Agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3)*—you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure." (Doc. 31-2, Doc. 32-2, Doc. 33-2, and Doc. 34-2) (emphasis added). It is incumbent upon Farr to review the applicable rules before filing motions as well as the exhibits she submits to the Court, but in this instance she did not do so. This is particularly troubling as Farr was specifically alerted to the operation of Rule 12(a)(2) and (a)(3) in *Farr I:*

> 2.    Pursuant to Rules 12(a)(2) and (3) of the Federal Rules of Civil Procedure, the United States, a United States agency, or a United States officer or employee whether sued in an individual or official capacity must serve an answer to a complaint, counterclaim, or crossclaim within 60 days after service.

United States' Motion to Correct the Clerk of the Court's Entry of the Answer Deadline Pertaining to Plaintiff's Claims Against Christine Curry or to Otherwise Set a Specific Time to Answer in Regard to Those Claims. Exhibit A, *Farr I*, Doc. 36 at 2.

5

Third, although Attachment B (Doc. 31-3, 32-3, 33-3, and 34-3) suggests the total sum of Farr's claimed damages, those calculations are not the "sum certain" that qualifies for default judgment under Rule 55(b)(1):

> Neither the fact that the complaint identifies a purported aggregate total, nor the fact that the affidavit attests to such a sum, automatically converts KPS's claim into a "sum certain".
>
> Courts considering the question are clear that a claim is not for a "sum certain" merely because the demand in the complaint is for a specific dollar amount. A contrary holding would permit almost any unliquidated amount to be transformed into a claim for a sum certain simply by placing a monetary figure on the item of claimed damage, even though that amount has not been fixed, settled, or agreed upon by the parties and regardless of the nature of the claim. *Farm Family Mut. Ins. Co.*, 501 S.E.2d at 791; *accord Zorach v. Lenox Oil Co.*, 1996 Mass. App. Div. 11, 13 (1996)("Merely requesting a specific amount in the complaint or statement of damages does not fulfill the sum certain requirement.").

*KPS & Assoc., Inc. v. Designs by FMC, Inc.*, 318 F.3d 1, 20 n. 9 (1st Cir. 2003); *Salava v. Bunt*, No. 20-CV-1360 WJ/KK, 2021 WL 2036705, at *3 (D.N.M. May 21, 2021) ("To be a "sum certain" there must be no doubt as to the amount that must be awarded."); *Snelling v. Tribal Vapors*, No. CV 19-0686 JB/GJF, 2021 WL 1227836, at *47 (D.N.M. Mar. 31, 2021) ("The Court agrees with the First Circuit's "sum certain" standard, because it concludes that the First Circuit's distinction between situations where there is "doubt as to the amount to which a plaintiff is entitled as a result of the defendant's default," *KPS & Assocs., Inc. v. Designs By FMC, Inc.*, 318 F.3d at 19 (*citing Reynolds Sec., Inc. v. Underwriters Bank & Trust, Co*., 406 N.Y.S.2d 743, 378 N.E.2d at 109), such as unliquidated damages situations versus situations where "there can be no dispute as to the amount due," such as liquidated damage situations, or "actions on money judgments and negotiable instruments . . . where the damages sought can be determined without resort to extrinsic proof," *KPS & Assocs., Inc. v. Designs By FMC, Inc.*, 318 F.3d at 19 (*citing Interstate Food*

6

*Processing Corp. v. Pellerito Foods, Inc.*, 622 A.2d at 1193), comports with supplementary treatises and understanding of the "sum certain" term, *see* 10A Wright & Miller, *supra*, § 2683.").

II.     EVEN IF FARR'S ALLEGATIONS ARE TAKEN AS UNCHALLENGED AND DEFAULT ESTABLISHED, HER ALLEGATIONS DO NOT CONSTITUTE A LEGITIMATE CAUSE OF ACTION

Assuming, *arguendo*, Farr had procedurally established a default against the responding Defendants for failure to timely defend this suit, the allegations in her Complaint would not constitute a legitimate cause of action entitling her to a recovery against any defendant. "[E]ven after default, 'it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.' *Corp. Lodging Consultants,* 2022 WL 17471520, at *2 (D. Kan. Dec. 6, 2022) (quoting *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010) [quoting 10A Charles A. Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice and Procedure* § 2688 (3d ed. 1998) (further citation omitted)]). As mentioned above, this Court has twice now dismissed Farr's claims essentially arising out of the same bizarre and implausible fact pattern.

In *Farr v. United States Government*, Case No. 21-2183-JWB, 2022 WL 124032, (D. Kan. Jan. 13, 2022) ("*Farr I*"), this Court dismissed Farr's claims which are undoubtably parallel to the claims in the present case. *Farr I* involved allegations that federal government agencies and Senator Inhofe conspired against Farr, conducted illegal surveillance on her, used Directed Energy Weapons to target her family and give Covid, and that "Senator Inhofe . . . retaliated against her by breaking up her relationship with her soul mate . . . "by placing a younger, attractive woman [an alleged CIA operative, Christine Curry] in his path. . . . [Farr claimed] that Curry is a 'poser' who is working undercover for the government and will eventually 'convert' Farr 's boyfriend's assets using the legal system." *Farr I*, 2022 WL 124032 at *1 (internal quotations omitted.). Farr

7

further alleged "that her social media accounts were being illegally surveilled by Senator Inhofe and the government to subvert her [political] campaign" *Id.* at 2. Farr further alleged that after she contacted "senators in Kansas and Oklahoma in order to help her expedite her efforts to adopt a little girl and to end the targeting . . . this 'triggered Senator Inhofe to target Farr again and try to obtain $109,000 in back taxes she never really owed.'" *Id.* "Notably, the Tenth Circuit Court of Appeals has previously upheld the IRS's assessment of excise taxes against Farr. *See Farr v. Comm'r of Internal Revenue*, 738 F. App'x 969 (10th Cir. Oct. 1, 2018)." *Farr I*, 2022 WL 124032 at *2 (internal quotations omitted.).

In granting the United States' motion to dismiss *Farr I*, the Court found that Farr failed "to identify a statutory waiver of sovereign immunity that is applicable to her constitutional claims" thereby dismissing Farr's constitutional claims against the United States, its agencies, and Senator Inhofe in his official capacity for a lack of subject matter jurisdiction. *Farr I*, 2022 WL 124032 at *2 (citing as example *Davis v. California*, Case No. 17-2125-JAR-JPO, 2017 WL 4758928, at *3 (D. Kan. Oct. 20, 2017) ("[C]onstitutional amendments themselves do not constitute a waiver of sovereign immunity."))  The Court dismissed Farr's intentional tort claims against the agencies and Senator Inhofe because they are not proper parties to FTCA. *Farr I*, 2022 WL 124032 at *3 (quoting *Davenport v. U.S. Dep't of Treasury*, Case No. 14-2527, 2015 WL 1346847, at *1 (D. Kan. Mar. 25, 2015) for the proposition that "[w]ith respect to any alleged intentional torts against the federal government, the Federal Torts Claims Act ("FTCA") 'provides the exclusive remedy for tort actions against the federal government, its agencies, and employees.'").  The Court found that it lacked jurisdiction to hear Farr's claims under the FTCA against the United States due to her failure to exhaust when Farr failed to allege that her claims were presented to any governmental

8

agency prior to filing the action. *Farr I*, 2022 WL 124032 at *3 (citing *Hudson v. Cahill*, Case No. 15-CV-2319-JAR, 2015 WL 6738714, at *2 (D. Kan. Nov. 4, 2015) (citing 28 U.S.C. § 2675)).

Further, the Court found that Farr's 42 U.S.C. § 1983 claims against government agencies for a violation of her constitutional rights were not applicable to the federal government and that § 1983 does not waive the government's sovereign immunity. *Farr I*, 2022 WL 124032, at *3 (citing *Beals v. U.S. Dept. of Justice*, 460 F. App'x 773, 775 (10th Cir. Feb. 6, 2012); *see also F.D.I.C. v. Meyer*, 510 U.S. 471, 484–85 (1994) (holding that *Bivens* claim may not be brought against a federal agency)). The Court further found that Farr's claims under the Patriot Act failed because there is not private right of action under the Patriot Act. *Id*. (citing *Medical Supply Chain, Inc. v. US Bancorp*, 112 F. App'x 730, 731 (10th Cir. 2004); *Medical Supply Chain, Inc. v. Neoforma, Inc.*, 419 F. Supp. 2d 1316, 1330 (D. Kan. 2006)). The Court found that Farr's claims brought under the Foreign Intelligence Surveillance Act (FISA) failed because she did not pursue her FISA claim under the procedures of the FTCA, as is required to proceed. *Id* (citing 18 U.S.C. § 2712(b).) Regarding Farr's FISA claims, the Court further noted that "Plaintiff's claim is subject to dismissal for failing to state a claim as her allegations are entirely conclusory and implausible. [Farr] has wholly failed to put forth sufficient credible allegations, as opposed to broad conclusory statements, to state a claim under FISA." *Farr I*, 2022 WL 124032, at *3 (citing *Frank v. Bush*, Case No. 09-4146-RDR, 2010 WL 1408405, at *7 (D. Kan. Apr. 2, 2010), aff'd, 391 F. App'x 745 (10th Cir. 2010)).

> The Court went on to address the fantastical and implausible nature of Farr's allegations:
>
> Rather, Plaintiff's allegations are predicated only on her personal belief that the government and Senator Inhofe are targeting her and allegedly monitoring her phone calls and social media accounts. Plaintiff has failed to allege any sufficient facts to support the allegation that her calls or social media accounts are being monitored. Rather, she claims that the evidence of this monitoring is supported by Curry's involvement with Plaintiff's previous boyfriend. Plaintiff's allegations are

9

> bizarre and totally implausible. They are not sufficient to state a claim under FISA. *Id*.; *see also Ladeairous v. Rosen*, No. 15-CV-00954 (ABJ), 2021 WL 722869, at *8 (D.D.C. Feb. 24, 2021).
>
> . . . To the extent that Plaintiff is asserting claims against Senator Inhofe in his personal capacity, the court finds that those claims are subject to dismissal as they are so completely devoid of merit and rise to the level of being irrational or wholly incredible. *See Olsen v. Aebersold*, 71 F. App'x 7, 9 (10th Cir. 2003) (courts lack jurisdiction "when the claim is so insubstantial, implausible, foreclosed by prior decisions, ... or otherwise completely devoid of merit as not to involve a federal controversy"); *Thibeaux v. Cain*, 448 F. App'x 863, 864 (10th Cir. 2012) (holding that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible.")

*Farr I*, 2022 WL 124032, at *3–4. In a footnote, the Court found that had it assumed that Defendant Curry "was employed by the CIA, the court would have dismissed the claims against Curry on the basis that they are implausible, irrational, and wholly incredible. *See Thibeaux*, 448 F. App'x at 864." *Id*. at n.5.

Having had her claims dismissed for numerous legal grounds as well as having had many such claims described as "bizarre and totally implausible" and "so completely devoid of merit and rise to the level of being irrational or wholly incredible" (*Farr I*, 2022 WL 124032, at *3–4), Farr essentially filed the same claims again in *Farr v. Curry, et al.*, Case No. 22-2120-DDC-KGG, 2022 WL 17819560 (D. Kan. Dec. 20, 2022) ) ("*Farr II*"). In *Farr II*, this Court notes that "Judge Broomes issued his opinion [in *Farr I*] dismissing plaintiff's claims on January 13, 2022. *Id*. She then filed this nearly identical lawsuit on about two months later in March 2022. Doc. 1." *Farr II*, 2022 WL 17819560, at *3.

The Court took time to examine and summarize Farr's complaint, which, as the Court notes "echoes the same purported pattern of facts and conspiracy that this court has heard before, but this time with a new twist. Ms. Farr alleges that Ms. Curry attempted to procure a restraining order against plaintiff, giving rise to plaintiff's claim of 'maliciously filed false contempt [c]harges'

10

against Ms. Curry and her attorneys." *Id*. (internal citations omitted).  In granting the defendants' motion to dismiss in *Farr II*, the Court found that the doctrine of issue preclusion barred seven of Farr's eight claims (*Id*. at *5), treating separately the new "twist" of the malicious prosecution claim which it dismissed under the *Rooker-Feldman* doctrine or alternatively for failure to state a claim (*Id*. at *6).

The seven precluded claims were styled as (1) violations of Plaintiff's First Amendment right to freedom of speech (as incorporated to the Stathes through the 14th Amendment), (2) violations of Plaintiff's Fourth Amendment right to privacy (as incorporated to the States through the 14th Amendment), (3) violations of Plaintiff's 14th Amendment right to due process and equal protection under the law, (4) violations of FISA and the Patriot Act, (5) civil conspiracy and/or collusion—again surrounding baseless allegations that the federal government. Including the CIA, DOD, DOJ, and FBI and Senator Inhofe and defendants conduct surveillance and use electromagnetic forces on Farr and her loved ones without good cause, use covert operations to target her family and break up her relationships, send sheriffs to harass her and maliciously prosecute her and try to prevent her from holding office in retaliation for her comments to Senator Inhofe, (6) fraud by commission/intentional fraud based on similar fantastical allegations, and (8) outrageous government conduct causing intentional infliction of emotional distress/tort of outrage—again surrounding parallel bizarre allegations.

The Court further states that even if issue preclusion did not apply, it would dismiss seven of eight claims for the same reasons as Judge Broomes's dismissal in *Farr I*:

> Judge Broomes carefully analyzed the claims that Ms. Farr asserts again here. They are identified as claims 1–6 and 8 in this case's Complaint. He concluded that these seven claims could not survive a motion to dismiss. The court agrees with his analysis and conclusions and there's no good reason to repeat it here. Instead, the court adopts page *4 of Judge Broomes's January 13, 2022 Order in Case No. 21-2183-JWB (as reported at 2022 WL 124032) to express this reasoning. Now, in this

11

>   case, the court dismisses claims 1–6 and 8 asserted in this case's Complaint for the same reason Judge Broome dismissed them earlier. They are implausible, frivolous, and fail to state a claim.

*Farr II*, 2022 WL 17819560, at *5.

Lastly, in denying Farr's motion to amend complaint to join the United States, the DOD, the DOJ, Senator James Inhofe, his Chief of Staff Luke Holland, the FBI, the CIA, the IRS, Assistant United States Attorney Christopher Allman, and the District Court of Sedgwick County, Kansas, the Court found that no amendment to the Complaint would survive a motion to dismiss and denies leave as futile:

>   Even though the court wouldn't dismiss her FTCA claim again for failure to exhaust administrative remedies, it still would dismiss this claim as frivolous. Plaintiff's allegations that the government conspired against her and gave her son COVID-19 are insufficient to raise a plausible claim for relief. . . .
>
>   The court concludes that plaintiff's proposed amendment could not survive a motion for summary judgment, and thus, it is futile to grant her leave to amend. *See Watson*, 242 F.3d at 1239–40. Thus, the court denies leave. American taxpayers fund the salaries of federal court employees—judges, law clerks, courtroom deputies—all the people it takes to manage a case and prepare an Order like this one. Nothing in plaintiff's proposed amended pleading would repair the dispositive shortcomings in her claims. And Ms. Farr's implausible claims won't fare any better against a new batch of defendants. In short, there's no good reason to compound the needless consumption of resources with a new round of implausible claims.

*Farr II*, 2022 WL 17819560, at *7.[2]

Notwithstanding that Farr has now seen substantially the same claims dismissed in two prior cases, she persists in bringing them again in the instant case. *Farr III* constitutes an affront

---

[2] In addition to the cogent reasons specifically articulated by the Court in *Farr I* and *Farr II* to dismiss those cases, the plaintiff's claims in *Farr III* are also barred by these additional insurmountable legal hurdles: claims for intentional torts, including battery and malicious prosecution, are barred under the FTCA (28 U.S.C. § 2680(h)), Farr's Complaint does not state a viable *Bivens* claim, plaintiff's claims are barred by qualified immunity, Farr cannot state viable claims based upon criminal statutes, and in regard to the claims against the Senators and a staff member, the Speech or Debate Clause precludes claims based on a legislative act, and Farr cannot establish personal jurisdiction over defendants residing outside of Kansas.

to principles of finality and the plaintiff cannot file a third, substantially similar case, as a substitute for an appeal to challenge the dismissal of *Farr I* and *Farr II*.  Although, like in *Farr II*, Plaintiff may offer one or two new twists of additional conspiracy in the instant case that must be separately dealt with, those claims are insubstantial, implausible, and foreclosed by prior decisions.  Because Plaintiff's Complaint, even if unchallenged, cannot show a legitimate cause of action against these or any other federal defendant, her motion for default judgment should be denied.

                Respectfully submitted,

                s/ Duston J. Slinkard
                DUSTON J. SLINKARD
                Ks. S.Ct. No. 21294
                United States Attorney
                District of Kansas
                500 State Avenue, Suite 360
                Kansas City, Kansas 66101
                PH: (913) 551-6730
                FX: (913) 551-6541
                Email: Duston.Slinkard@usdoj.gov

                Attorney for the Defendants of the United States Government

## CERTIFICATE OF SERVICE

I certify that on January 6, 2023, this document was electronically filed with the Clerk of the Court by using the CM/ECF system.  A paper copy was mailed to:

Joan E. Farr
7145 Blueberry Lane
Derby, KS 67037
Plaintiff, pro se

                s/ Duston J. Slinkard
                DUSTON J. SLINKARD