Joan E. Farr
7145 Blueberry Lane
Derby, KS 67037
Phone: 918.698.3289
JoanFarr73@aol.com




**FILED**
U.S. District Court
District of Kansas

JAN 0 9 2023

Clerk, U.S. District Court
By _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| Joan E. Farr, individually, *pro se*, and in the interests of American citizens, ) ) ) ) Plaintiff, ) ) vs. ) ) United States Government, Department of Defense, ) Department of Justice, United States Senator James Inhofe, ) Luke Holland, United States Senator Jerry Moran, State of ) Kansas, Kansas Secretary of State Scott Schwab, Federal ) Bureau of Investigation, Central Intelligence Agency, Internal ) Revenue Service, U.S. Assistant Attorney Christopher Allman, ) Sedgwick County District Court, other known/unknown state ) and government actors, ) ) Defendants. ) ) | Case No. 2:22-cv-2476-DDC-GEB |

## MOTION TO JOIN DEFENDANTS

COMES NOW the plaintiff, Joan E. Farr, individually *pro se*, and in the interests of innocent American citizens, and pursuant to Fed. R. Civ. Proc. 19(1)(A), 20(2)(A) & (B), 21 and 42 (a), and files this motion to join defendants to this lawsuit. In support, plaintiff states as follows:

1. Prior to filing this suit, plaintiff filed Case No. 2:22-cv-02120 against Christine Curry, Attorney Rebecca Hesse and Kansas Legal Services, Inc. This suit was dismissed by the Court in its entirety on December 20, 2022, and plaintiff has filed a motion to reconsider, or in the alternative, to alter or amend judgment on December 30, 2022 [Doc. 52 in Case No. 2:22-cv-02120].

2. The aforementioned defendants are involved in the "schemed plan" by Senator Inhofe and the government defendants to violate plaintiff's civil rights under 42 USC 1983 and 42 USC 1985. Plaintiff's claims against them are the same, since they conspired to try and incarcerate and/or commit her to a mental institution so that she would lose in the 2022 election. They should be included in this case to ensure complete relief in one final outcome and to prevent wasted resources in our legal system.

3. Rules 19 & 20 deal with permissive joinder of parties. *Fed. R. Civ. P. 19, 20*. In considering joinder issues, "a court will essentially decide whether considerations of efficiency and fairness, growing out of the particular circumstances of the case, require that a particular person be joined as a party." *Pujol v. Shearson Am. Exp., Inc.*, 877 F.2d 132, 134 (1st Cir. 1989). The joinder rules require the court to be mindful of the policies that underlie Fed. R. Civ. P. 19 and 20, "including the public interest in preventing multiple and repetitive litigation, the interest of the present parties in obtaining complete and effective relief in a single action, and the interest of absentees in avoiding the possible prejudicial effect of deciding the case without them." *Picciotto v. Cont'l Cas. Co.*, 512 F.3d 9, 15-16 (1st Cir. 2008). When joinder is permissive, the court's focus should be on "promoting trial convenience and expedit[ing] the final determination of disputes." *Travelers Ins. Co. v. Intraco, Inc.*, 163 F.R.D. 554, 556 (S.D. Iowa 1995); see also *Jeranian v. Deermenjian*, C.A. No. 18-652JJM (D.R.I. Nov. 15, 2019).

4. Rule 19 governs the "required joinder of parties" and "provides that the court may, under proper circumstances, require the joinder of a non-party as a plaintiff, defendant or involuntary plaintiff." *U.S. ex rel. Branch Consultants, L.L.C. v. Allstate Ins. Co.*, 265 F.R.D. 266, 270 (E.D. La. 2010), quoting *Brooks v. Hickman*, 101 F.R.D. 16, 18 (W.D. Pa. 1984). Furthermore, while the party advocating joinder has the initial burden of demonstrating that a missing party is necessary, after an initial appraisal of the facts indicates that a possibly necessary party is absent, the burden of disputing this initial appraisal falls on the party who opposes joinder." *Hood ex rel. Miss. V. City of Memphis, Tenn.*, 570 F.3d 625, 628 (5th Cir. 2009)(citation and internal quotation marks omitted).

6. Under Rule 20, the party seeking joinder must satisfy the "same transaction, occurrence, or series of transactions and occurrences" standard as well as show that a "question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2)(A). In this matter, plaintiff has already shown that the actions of the defendants to be joined are related to the actions of the original defendants. Similarly, the court granted plaintiffs leave to amend their complaint to join a defendant in which both Rule 19 & 20 applied. See *Pendergrass v. United Fire & Cas. Co.*, 4:21-CV-1079 PLC (E.D. Mo. Apr. 21, 2022). After reading the facts and evidence in plaintiff's previous case and in this one in which these three defendants are already mentioned, no reasonable person would agree that they should not be joined in this lawsuit due to their malicious acts which caused plaintiff extreme distress and bodily harm.

7. Finally, Rule 42 provides that if actions before the court involve a common question of law or fact, the Court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid any unnecessary cost or delay. Fed. R. Civ. P. 42(a). Even if

2

the Court does not grant plaintiff's motion to reconsider in Farr II, the aforementioned parties should be added as defendants in this case in the interests of justice.

WHEREFORE, plaintiff respectfully requests that this Court allow her to add as defendants Christine Curry, Rebecca Hesse and Kansas Legal Services, Inc., to this case for the aforementioned reasons in the interests of pursuing a complete, just, effective and less costly resolution of this matter.

Respectfully submitted,

*Joan E. Farr*

Joan E. Farr, plaintiff *pro se*
7145 Blueberry Lane
Derby, Kansas 67037
Phone: 918.698.3289
Email: JoanFarr73@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of January 2023, a copy of the above and foregoing Motion to Join Defendants was filed with the United States District Court for the District of Kansas, and copies were deposited in the United States mail, postage prepaid and properly addressed, to:

| | | |
|---|---|---|
| Bradley J. Schlozman (#17621) | Stephen Phillips (#14130) | U.S. Attorney Duston Slinkard |
| Garrett R. Roe (#26867) | Asst. A.G., Civil Litigation Div. | U.S. Attorney's Office-Kansas |
| HINKLE LAW FIRM LLC | 120 SW 10th Ave., 2nd Floor | 444 SE Quincy, Suite 290 |
| 1617 N. Waterfront Pkwy., Ste. 400 | Topeka, KS 66612-1597 | Topeka, KS 66683 |
| Wichita, Kansas 67206 | Phone: (785) 296-2215 | Phone: (785) 295-7690 |
| Phone: (316) 267-2000 | Email: steve.phillips@ag.ks.gov | Email: DSlinkard@usdoj.gov |
| Email: bschlozman@hinklaw.com | *Attorney for State of Kansas and Sedgwick Co. District Court* | *Attorney for Defendants United States Government, Dept. of Defense, Dept. of Justice, Federal Bureau of Investigation, Central Intelligence Agency, Internal Revenue Service, U.S. Senator James Inhofe, U.S. Senator Jerry Moran, Luke Holland and U.S. Assistant Attorney Christopher Allman* |
| *Attorneys for Defendant Secretary of State Scott Schwab* | | |

*Joan E Farr*

Joan E. Farr, plaintiff *pro se*
7145 Blueberry Lane
Derby, Kansas 67037
Phone: 918.698.3289
Email: JoanFarr73@aol.com