IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| Joan E. Farr, individually, *pro se*, ) <br> and in the interests of American citizens, ) <br>         Plaintiff, ) <br> ) <br> v. ) <br> ) <br> United States Government, Department of Defense, ) <br> Department of Justice, U.S. Senator James Inhofe, ) <br> Luke Holland, U.S. Senator Jerry Moran, State of ) <br> Kansas, Kansas Secretary of State Scott Schwab, ) <br> FBI, CIA, IRA, U.S. Assistant Attorney Christopher) <br> Allman, Sedgwick County District Court, *et al.* ) <br> ) <br>         Defendants. ) <br>                                     ) | Case. No. 22-CV-2476 |

**DEFENDANTS STATE OF KANSAS'**
**AND**
**SEDGWICK COUNTY DISTRICT COURT'S**
**MEMORANDUM IN SUPPORT OF**
**MOTION TO DISMISS**

**STATEMENT OF THE CASE**

Farr alleges a vast conspiracy against her. Her allegations, however, are muddled and conclusory, largely failing to identify who did what to whom, when, and how those facts tie to causes of action. She apparently is alleging that Oklahoma Senator James Inhofe instigated a wide-ranging conspiracy against her in retaliation for her running against him as an independent candidate for Senate. (Doc. 44, ¶¶ 47, 54, 60.) The alleged conspiracy involves numerous defendants, mostly federal agencies and officials, but she also names as defendants the State of Kansas and the Sedgwick County District Court.

It is difficult to tell from Farr's Complaint what the State of Kansas and Sedgwick

County District Court did in furtherance of the alleged conspiracy. This counsel's best guess is she's alleging that Sedgwick County District Court heard a stalking case against her and issued what she alleges to be false orders, (Doc. 44, ¶¶ 105, 116, 117, 180), and that the State of Kansas allegedly rigged the voting machines against her when she ran for Senate in Kansas in 2022. (Doc. 44, ¶¶ 123-34.) Others allegations are equally as delusional and conclusory such as the government used "Directed Energy Weapons" to give a family member of hers Covid (Doc. 44, ¶ 58), or that Senator Inhofe caused her boyfriend to break up with her (Doc. 44, ¶ 61.) Many of the allegations in the Complaint are collective allegations against defendants generally. Farr cites numerous causes of action, both state and federal (primarily 42 U.S.C. § 1983 & § 1985), but fails to explain in other than a conclusory manner her theory of liability under those causes.

Farr seeks money damages, interest, costs and attorney's fees, and "injunctive relief enjoining the above named defendants from continuing plaintiffs right to equal protection [sic] . . .." (Doc. 44, "Wherefore" clauses pp. 22-31.)

## ARGUMENT AND AUTHORITIES

1. **Standards for Dismissal**

   The standards for dismissal are well known to the Court and need not be repeated here.

2. **The State of Kansas and Sedgwick County District Court are Entitled to Eleventh Amendment Immunity.**

   The State of Kansas and its agencies[1] are absolutely immune from suits for money

---

[1] In Kansas, district courts are an arm of the State of Kansas. *See* Kan. Const. art. III, §§ 1, 6 (providing that district courts are a division of the state judicial system in Kansas). *See also Johnson v. Schmidt*, 20-3017-SAC, 2020 WL 2126700 (D. Kan. May 5, 2020); *Gonzales v. Hood*, 19-3099-SAC, 2020 WL 1888822 (D. Kan. Apr. 16, 2020); *Raney v. Dist. Ct. of* Trego County, 16-CV-04108-DDC-KGS, 2016 WL 6277703, at *3 (D. Kan. Oct. 27, 2016); *Wilkins v. Skiles*, No. 02–3190, 2005 WL 627962, at *4 (D. Kan. March 4, 2005).

damages and injunctive relief due to sovereign immunity under the Eleventh Amendment.[2] "The Eleventh Amendment is a jurisdictional bar that precludes unconsented suits in federal court against a state and arms of the state." *Wagoner Cnty. Rural Water Dist. No. 2 v. Grand River Dam Auth.*, 577 F.3d 1255, 1258 (10th Cir. 2009). Whether a plaintiff requests injunctive or monetary relief, "[s]tates and state agencies 'retain their immunity against all suits in federal court.' " *Hensel v. Office of Chief Admin. Hearing Officer*, 38 F.3d 505, 509 (10th Cir. 1994) (*quoting P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc*., 506 U.S. 139, 146 (1993)); *see Fed. Mar. Comm'n v. S.C. State Ports Auth*., 535 U.S. 743, 765–66 (2002) ("The type of relief sought by a plaintiff suing a State in court is irrelevant to the question whether a suit is barred by the Eleventh Amendment").

Farr's Amended Complaint must be dismissed.

### 3. Sedgwick County District Court Lacks Capacity to be Sued.

Pursuant to FRCP 17, under Kansas law, the 18th Judicial District does not have the capacity to sue or be sued. Under Kansas law, subordinate governmental agencies do not have the capacity to sue or be sued unless a specific statue authorizes such action. *Hopkins v. State*, 237 Kan. 601, 702 P.2d 311, 317 (1985)). Kansas district courts do not have such statutory authorization. *See Tyson v. 18th Jud. Dist. Ct.*, CV 13-1026-MLB, 2013 WL 12304058, at *1 (D. Kan. Aug. 5, 2013); *Frank v. Bush*, No. 09-4146, 2010 WL 1408405 (D. Kan. April 2, 2010) (13th Judicial District did not have the capacity to be sued), *affd.* No. 3108, 2010 WL 3274508

---

[2] As the Court is well aware, Farr has an extensive history of unsuccessful pro se litigation. One previous suit was against the Sedgwick County District Court, *Heffington v. Dist. Ct. of Sedgwick Cnty.*, No. 05-4028-SAC, 2005 WL 1421530 *5 (D. Kan. June 17, 2005). Judge Crow dismissed it, in part, on this basis. He also dismissed the case because it contained only vague, conclusory allegations of a conspiracy.

(10th Cir. Aug. 19, 2010); *Mason v. Twenty-Sixth Judicial Dist*., 670 F. Supp. 1528, 1535 (D. Kan. 1987) (26th Judicial District did not have the capacity to be sued).

### 4. Sedgwick County District Court is Entitled to Judicial Immunity.

To the extent Farr's allegation against the Sedgwick County District Court is that it heard a protection from stalking case, if there were federal jurisdiction over this Defendant, dismissal would still be required because it entitled to absolute judicial immunity. Judges and justices are absolutely immune from civil suits based on actions taken in their judicial capacity, except where they act in the clear absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). District courts in Kansas are courts of general jurisdiction. *See* Kan. Stat. Ann. § 20-301. The Sedgwick County District Court had jurisdiction over stalking cases. It makes no difference that Farr makes the conclusory allegation in her Amended Complaint that Defendants erred in rulings on the stalking case and thereby "exceeded the scope of their employment/function." A judge does not act in the clear absence of all jurisdiction even if the action he took was in error, was done maliciously, or was in excess of his authority. So long the court is one of general jurisdiction with authority to hear that type of case, judicial immunity applies. *See Moss v. Kopp,* 559 F.3d 1155, 1163-64 (10th Cir. 2009) (citing *Stump v. Sparkman,* 435 U.S. 349, 357, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978)).

### 5. Farr Fails to State a Claim.

Despite being 32 pages long, Farr's Amended Complaint is far too conclusory. It is mostly a laundry list of her woes (many of which are obviously imagined) with some conclusory legal jargon thrown in. Many of her counts are against defendants collectively. The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant

4

violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). A court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

Additionally, Farr's lengthy list of woes that she allegedly suffered are fantastical and delusional. Complaints alleging fantastic or delusional scenarios are subject to dismissal as frivolous. *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989).

### 6. Farr's State Law Claims Should Be Dismissed or Supplemental Jurisdiction Should Be Declined.

As previously noted, Farr's factual allegations are too conclusory, fantastic, and delusional for her to proceed, and her state-law claims should be dismissed along with the federal claims. There are no good-faith factual allegations for a state court to consider. In the alternative, the Court should decline to exercise jurisdiction over them.

### 7. Farr Should Not Be Given the Opportunity to Amend Again.

A court may outright dismiss a pro se complaint if "it is obvious that the plaintiff cannot prevail on the facts [she] has alleged and it would be futile to give [her] an opportunity to amend." *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999) (*citing Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997)). Such is the case with Farr's Amended Complaint given her extensive history of frivolous litigation and her fantastical, delusional allegations. She has already amended once, and defendants should not be required to respond further in the face of such futility and absurdity.

Respectfully submitted,

OFFICE OF ATTORNEY GENERAL
KRISS KOBACH


*/s/Stephen Phillips*
Stephen Phillips, KS No. 14130
Asst. A.G., Civil Litigation Div.,
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas 66612-1597
TEL:   (785) 296-2215
FAX:   (785) 291-3767
steve.phillips@ag.ks.gov
*Attorney for State of Kansas*
*And Sedgwick County District Court*


## CERTIFICATE OF SERVICE

I hereby certify that on January 11, 2023 the above and foregoing was filed with the clerk of the court by using the CM/ECF system, which will send notice of electronic filing to all those individuals currently electronically registered.

*/s/ Stephen Phillips*
Stephen Phillips
Assistant Attorney General

6