IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JOAN E. FARR,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES GOVERNMENT, et al.,<br><br>    Defendants. | Case No. 22-2476-DDC-GEB |

## MEMORANDUM AND ORDER

Plaintiff Joan E. Farr has filed Motions for Default Judgment against a handful of defendants—Senator James Inhofe, Senator Jerry Moran, Luke Holland, and Assistant U.S. Attorney Christopher Allman. Docs. 31, 32, 33, 34. The court won't grant plaintiff's motions because plaintiff has failed to follow the two-step process required by Rule 55, a provision that requires her first to secure an entry of default before seeking a default judgment. But even treating plaintiff's motions as requests for entry of default, the court, in its discretion, declines to direct the Clerk to enter defendants' default. She hasn't shown that she's entitled to entry of default, a conclusion the court explains below.

Federal Rule of Civil Procedure 55 adopts a two-step process for securing a default judgment. First, Rule 55(a) authorizes the Clerk to enter a default against a party who "has failed to plead or otherwise defend" a lawsuit. Second, after the Clerk enters default, a plaintiff may request the Clerk to enter judgment if the amount sought is "a sum certain or a sum that can be made certain by computation[.]" Fed. R. Civ. P. 55(b)(1). But if a party skips the first step and "default has not been entered, default judgment may not be granted." *Pitts v. Matevousian*, No. 20-CV-02691-RM-KLM, 2021 WL 22335, at *1 (D. Colo. Jan. 4, 2021); *see also Williams*

*v. Smithson*, 57 F.3d 1081, 1995 WL 365988, at *1 (10th Cir. June 20, 1995) (unpublished table opinion). These requirements remain the same even when a plaintiff appears pro se. *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994).

Ms. Farr has not followed that two-step process here. She skipped step one and failed first to secure entry of default—a prerequisite for entering default judgment, Fed. R. Civ. P. 55(b). Without that entry of default, Ms. Farr's motions (Docs. 31, 32, 33, 34) are procedurally improper, and for that reason alone, her motions fail.

But when a pro se plaintiff files for default judgment before first securing an entry of default, this court often construes the filing liberally, treating that premature motion for default judgment as a request for an entry of default. *See, e.g.*, *Pennington v. Meyers*, No. 21-2591-DDC-JPO, 2022 WL 656163, at *14 (D. Kan. Mar. 4, 2022). And even when it construes an errant default filing this way, the decision to enter a default remains a matter committed to the court's discretion. *Landrith v. Gariglietti*, No. 11-2465-KHV, 2012 WL 171339, at *2 (D. Kan. Jan. 19, 2022). Construing Ms. Farr's motions as applications for entry of default, the court declines to order the Clerk to enter default because Ms. Farr has not shown that she is entitled even to that entry.

Ms. Farr isn't entitled to an entry of default because she hasn't made an essential showing—that defendants are in default. After service with a summons and complaint, a defendant generally has 21 days to serve her answer. Fed. R. Civ. P. 12(a)(1). That time extends to 60 days when the defendant is a United States officer or employee sued in either her official capacity (Fed. R. Civ. P. 12(a)(2)) or individual capacity, if sued for acts "occurring in connection with duties performed on the United States' behalf" (Fed. R. Civ. P. 12(a)(3)). The parties don't dispute that the defendants against whom Ms. Farr seeks default judgment are

officers or employees of the United States.  At the time of the events alleged in the Complaint,[1] Senators Moran and Inhofe both served as United States Senators, Mr. Holland as Senator Inhofe's Chief of Staff, and Mr. Allman as an Assistant U.S. Attorney.  *See* Doc. 1 at 3, 5 (Compl. ¶¶ 5–7, 13).  At first blush they should receive 60 days to answer.  But plaintiff argues that defendants, in performing the alleged acts—for example, "destroying her relationship with her high school boyfriend/soul mate using nanobots/CIA brainwashing techniques" (*id.* at 20)—acted "outside the scope of their employment" and "on their own volition," and thus cannot avail themselves of the 60-day rule, Doc. 45 at 2.

The court cannot discern from plaintiff's filings whether plaintiff sues defendants in their official or individual capacities or the extent to which defendants allegedly acted in connection with their governmental duties.  But as the proponent of this purported exception to the 60-day rule, Ms. Farr must show that defendants shouldn't receive the 60 days permitted by Rule 12(a)(2) or Rule 12(a)(3).  She hasn't.  And in any event, the court declines to exercise its discretion to direct entry of default when all defendants now have appeared.  Defendants' assumption that the rules give them 60 days to answer, if a mistake, appears an honest one.  Because Ms. Farr has failed to show that defendants are in default, she has not shown that she is entitled to an entry of default.  The court thus declines to direct the Clerk to enter defendants' default.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's four Motions for Default Judgment (Docs. 31, 32, 33, 34) are denied.

**IT IS SO ORDERED.**

---

[1] A person's status at the time of the alleged act giving rise to the complaint determines whether a person is an individual or officer of the United States for the purposes of 12(a)(2) and (3).  4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1107 (4th ed. 2022).

Dated this 19th day of January, 2022, at Kansas City, Kansas.

s/ Daniel D. Crabtree  
**Daniel D. Crabtree**  
**United States District Judge**

4