IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOAN E. FARR,

    **Plaintiff,**

v.

UNITED STATES GOVERNMENT, et al.,

    **Defendants.**

Case No. 22-2476-DDC-GEB

## MEMORANDUM AND ORDER

During a telephone conference on January 25, 2023, the court briefly heard from the parties about "Plaintiff's Motion for Injunctive Relief, or in the Alternative, Temporary Restraining Order" (Doc. 59). The court, in its discretion, then elected to decide the motion during the hearing. The court's summary comments on the record explained why, and this Order memorializes that ruling and the court's reasoning.

The court denied Ms. Farr's motion. Fed. R. Civ. P. 65(d) requires injunctions that "state [their] terms specifically" and "describe in reasonable detail—and not by reference to the complaint or other document, the act or acts [sought to be] restrained or required." *Id*. Ms. Farr's motion falls short of the mark. Realizing that Ms. Farr is representing herself, the court conducted a brief telephone conference with the parties. During this conference, the court expressed its uncertainty—both about who Ms. Farr wanted to restrain and from what.

In response, Ms. Farr then renewed assertions in the affidavit supporting her motion (Doc. 59-2) claiming that the Central Intelligence Agency had used "a cloak of invisibility to enter [her] home." Once there, Ms. Farr asserts, the CIA brought its stealth to bear and deprived Ms. Farr of two affidavits. Apparently, those affidavits support her claim of an "algorithm on the computers" that rigged one of Ms. Farr's recent election losses. Doc. 59-2. Less directly, but

just as surely, Ms. Farr claims that the CIA also stole her "Legislature" file from her home office. *Id*. This file, she explained, is where she kept her correspondence with members of the Royal Family—meaning Great Britain's Royal Family. During the telephone conference, Ms. Farr also asserted that the CIA had surveilled her home. She knew this, she said, because she had observed cars idling and parking on a street near her home. During the conference, Ms. Farr conceded that the cars she observed had parked (and idled) on public streets.

The court denied Ms. Farr's motion for interim relief for a host of reasons. For one, her motion—even after she had supplemented it with her comments during the telephone conference—didn't comply with Rule 65(d). It didn't seek an injunction that "describe[d] in reasonable detail" the act or acts she sought to restrain. But even if Ms. Farr had filed a fully compliant motion, she hasn't satisfied any of the four requirements for a TRO or preliminary relief. *See Denver Homeless Out Loud v. Denver, Colorado*, 32 F.4th 1259, 1277–78 (10th Cir. 2022).

First, Ms. Farr hasn't established that she is likely to succeed on the merits of her claims. Indeed, there's a substantial question whether any of her claims even state a plausible claim. Second, she hasn't established that irreparable harm is looming if the court declines immediate relief. Third and fourth—often merged in this context—where a government is the party opposing injunctive relief—the equities don't tip in Ms. Farr's favor and on this record, an injunction would not serve the public interest.

In sum, Ms. Farr's motion failed to shoulder any of the responsibilities imposed by the governing rule and case authority. The court thus denies her Motion for Injunctive Relief, or in the Alternative, Temporary Restraining Order.

**IT IS SO ORDERED.**

Dated this 27th day of January, 2023, at Kansas City, Kansas.

                                                          **s/ Daniel D. Crabtree**
                                                          **Daniel D. Crabtree**
                                                          **United States District Judge**