IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOAN E. FARR, )
)
      Plaintiff, )
)
v. ) Case No. 22-2476-DDC-GEB
)
UNITED STATES GOVERNMENT, )
et al., )
)
      Defendants. )
)

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion to Amend to Join Additional Defendants ("Motion") (**ECF No. 55**). Plaintiff seeks leave to file a Second Amended Complaint to add Christine Curry ("Curry"), Rebecca Hesse ("Hesse"), and Kansas Legal Services ("KLS") as Defendants (collectively "Additional Defendants"). Plaintiff has brought suit against the Additional Defendants previously[1] alleging substantially the same claims against them. Both prior cases have been dismissed in their entirety. After review of the parties' briefing[2] and for the reasons set for the below, the Court recommends

---

[1] Plaintiff's first suit, 21-2183-JWB *Farr v. United States Gov't*, et al., included claims against Christine Curry. Her second suit, 22-2120-DDC *Farr v. Curry, et al.*, included claims against all three Additional Defendants, Curry, Hesse, and KLS.
[2] Plaintiff's Motion (ECF No. 55), Defendants State of Kansas' and Sedgwick county District Court's Response in Opposition to Motion to Amend (ECF No. 62), Federal Defendants' Response in Opposition to Plaintiff's Motion to Amend her Complaint (ECF No. 68), Defendant Scott Schwab's Response to Plaintiff's Motion to Amend to Join Additional Defendants (ECF. No. 91), Plaintiff's Reply to Federal Defendants' Response in Opposition to Plaintiff's Motion to Amend her Complaint (ECF No. 77), and Plaintiff's Reply to Response by Defendants State of Kansas

Plaintiff's Motion be **DENIED** as futile and further recommends filing restrictions be instituted against Plaintiff.

I.   **Notice**

Within fourteen (14) days after a party is served with a copy of this Report and Recommendation, any party may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), file written objections to this Report and Recommendation. A party must file any objections within the fourteen-day period if the party wants to have appellate review of the proposed findings of fact, conclusions of law, or recommended disposition.

II.   **Background**

Plaintiff[3] is no stranger to the courts in this District. She formed the Association for Honest Attorneys ("A.H.A.!"), a non-profit "dedicated to discouraging civil litigation…."[4] Nonetheless this is the ninth case she has filed in this District. All the prior cases having been dismissed either by the court or by Plaintiff voluntarily.[5]

---

and Sedgwick County District Court's Response in Opposition to Motion to Amend (ECF No. 78). No reply to Defendant Scott Schwab's response was filed.
[3] Joan E. Farr, f/k/a Joan E. Heffington, a/k/a Joan Farr or Joan Heffington.
[4] https://www.assocforhonestattys.com/
[5] See *Heffington v. Bush*, No. 08-4097, 2009 WL 151560 (D. Kan. Jan. 22, 2009); *Heffington v. Dep't of Def. of U.S.*, No. 06-4081-RDR, 2007 WL 677629, at *3 (D. Kan. Feb. 28, 2007), *aff'd*, 248 F. App'x 952 (10th Cir. 2007); *Heffington v. Dist. Ct. of Sedgwick Cty.*, No. 05-4028-SAC, 2005 WL 1421530, at *4 (D. Kan. June 17, 2005); *Heffington v. Derby United Sch. Dist. 260*, No. 11-2276-CM, 2011 WL 5149257, at *2 (D. Kan. Oct. 28, 2011); *Heffington v. Derby United Sch. Dist. 260*, No. 07-4095-SAC, at ECF No. 37; *Farr v. United States Gov't,* No. 21-2183-JWB, 2022 WL 124032, at *4 (D. Kan. Jan. 13, 2022); *Farr v. Davis*, No. 16-2180-CM, 2018 WL 572044, at *5 (D. Kan. Jan. 26, 2018), *aff'd*, 733 F. App'x 961, 963 (10th Cir. 2018); and *Farr v. Curry,* No. 22-2120-DDC, 2022 WL 17819560, at *6 (D. Kan. Dec. 20, 2022), *reconsideration denied*, No. 22-2120-DDC, 2023 WL 315028 (D. Kan. Jan. 19, 2023).

This is the third case brought by Plaintiff against various state and federal government agencies where she alleges they illegally conducted surveillance on her and conspired against her to subvert her campaigns for the United State Senate in 2020 (Oklahoma) and/or 2022 (Oklahoma and Kansas). The first of these three cases ("*Farr I*") included claims against Defendant Curry, one of the three Additional Defendants in this case.[6] There Plaintiff sued the United States, the Department of Defense (DOD), the Department of Justice (DOJ), Senator James Inhofe ("Inhofe"), the Federal Bureau of Investigation (FBI), the Central Intelligence Agency (CIA), the Internal Revenue Service (IRS), and Curry.[7] Her allegations against Curry included:

> Senator Inhofe and the government knew "from monitoring Plaintiff's phone texts that she was deeply in love with her old boyfriend" and that they could break up this relationship by placing a younger, attractive woman in his path. This woman was Defendant Christine Curry who is employed as a licensed practical nurse at a hospital in Wichita. Plaintiff claims that Curry is a "poser" who is working undercover for the government and will eventually "convert" Plaintiff's boyfriend's assets using the legal system.[8]

Plaintiff sued all three Additional Defendants in her second case[9] ("*Farr II*") and sought to amend her complaint to add the United States, the DOD, the DOJ, Inhofe, his Chief of Staff Luke Holland ("Holland"), the FBI, the CIA, the IRS, Assistant United States Attorney Christopher Allman ("Allman"), and the District Court of Sedgwick County, Kansas."[10] Curry was again central to Plaintiff's allegations.

---

[6] *Farr v. United States Gov't*, No. 21-2183-JWB.
[7] *Farr v. United States Gov't*, 2022 WL 124032, at *1.
[8] *Id.* (internal citations omitted).
[9] *Farr v. Curry*, 2022 WL 17819560, at *3.
[10] *Id.*, at *7.

As noted by Judge Crabtree in *Farr II*:

> Key to Ms. Farr's allegations of Senator Inhofe's conspiracy against her is Christine Curry—the alleged CIA contractor, plaintiff's ex's new girlfriend, and now, a defendant in this case. According to plaintiff, the government planted Ms. Curry—a woman "younger, prettier[,] and healthier than plaintiff"—in the path of plaintiff's ex to scuttle plaintiff's relationship with him. Plaintiff alleges that Ms. Curry "took her ex on long bicycle rides of 100 miles or more so that he would become exhausted and not want to engage in intimacy." But, to her great dismay, plaintiff's ex didn't believe that Ms. Curry was a CIA poser, and his relationship with Ms. Curry progressed. Plaintiff found out that "her ex was fixing up his basement with the intent of having [Ms. Curry] move in[,]" and feared that Ms. Curry may try to claim common law marriage, and steal her ex's assets on behalf of the CIA and Senator Inhofe.
>
> Based on these concerns, plaintiff hired multiple private investigators to investigate Ms. Curry. And at some point, Ms. Curry filed stalking charges against plaintiff. According to plaintiff, Ms. Curry hired KLS to file "false stalking and contempt charges" against her. Plaintiff alleges that Rebecca Hesse, a KLS attorney, also conspired with Assistant U.S. Attorneys Slinkard and Allman to bring these stalking and contempt charges against her.[11]

With her two prior attempts having been thwarted when her cases were dismissed[12] and motions for reconsideration denied,[13] Plaintiff filed this case on November 21, 2022 ("*Farr III*").[14] She filed an Amended Complaint as a matter of right pursuant to Fed. R. Civ. P. 15(a) on January 9, 2023.[15] Her Amended Complaint again includes claims against a total of thirteen known Defendants. They are: 1) the United States; 2) the DOD; 3) the DOJ; 4) Inhofe; 5) Holland; 6) the FBI; 7) the CIA; 8) the IRS; 9) Allman; 10) the District

---

[11] *Id.*, at *3 (internal citations omitted).
[12] *Farr v. United States Gov't,* 2022 WL 124032, at *4 and *Farr v. Curry,* 2022 WL 17819560, at *6.
[13] *Farr v. Curry*, No. 22-2120-DDC, 2023 WL 315028, at *3 (D. Kan. Jan. 19, 2023).
[14] ECF No. 1.
[15] ECF No. 44.

Court of Sedgwick County, Kansas; 11) Senator Jerry Moran; 12) the State of Kansas; and 13) Kansas Secretary of State Scott Schwab ("Schwab") as Defendants.[16] In the current motion, Plaintiff seeks leave to file a Second Amended Complaint to include the Additional Defendants. Defendants State of Kansas, Sedgwick County District Court;[17] Schwab;[18] Allman, CIA, FBI, Holland, Inhofe, IRS, Moran, DOD, DOJ, and United States[19] have all filed motions to dismiss Plaintiff's First Amended Complaint.

## III. Motion to Amend to Join Additional Defendants

### A. Legal Standards

#### 1. Fed. R. Civ. P. 15

The standard for permitting a party to amend her pleadings is well established. A party may amend a pleading as a matter of course under Fed. R. Civ. P. 15(a)(1), either before the responding party answers or within 21 days after service of a responsive pleading. However, in cases such as this where a party has already amended their complaint as a matter of right, without the opposing party's consent a party may amend its pleading only by leave of the court under Rule 15(a)(2). Rule 15(a)(2) provides leave "shall be freely given when justice so requires."

The decision to grant or deny leave to amend is within the sound discretion of the Court.[20] "If the underlying facts or circumstances relied upon by a plaintiff may be a proper

---

[16] *Id.*
[17] ECF No. 48.
[18] ECF No. 50.
[19] ECF Nos. 52 and 64.
[20] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

subject of relief, he ought to be afforded an opportunity to test his claim on the merits."[21] "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'"[22] However, futility of amendment is adequate justification to deny leave to amend.[23] A court is "justified in denying the motion to amend if the proposed amendment could not have withstood a motion to dismiss or otherwise failed to state a claim."[24]

### B. Discussion

#### 1. Comparison of Claims in *Farr III* with those in *Farr II*

In her Amended Complaint in *Farr III*, Plaintiff brings eight claims against Defendants the United States, the DOD, the DOJ, Inhofe, Holland, the FBI, the CIA, the IRS, Allman, the District Court of Sedgwick County, Kansas, Senator Jerry Moran, the State of Kansas, and Schwab. They include: 1) Violations of Plaintiff's First Amendment Right to Freedom of Speech (as incorporated to the States through the 14th Amendment); 2) Violations of Plaintiff's Fourth Amendment Right to Privacy (as incorporated to the States through the 14th Amendment); 3) Violations of Plaintiff's 14th Amendment Right

---

[21] *Id.*
[22] *Id.*
[23] *Schepp v. Fremont Cnty., Wyo.*, 900 F.2d 1448, 1451 (10th Cir. 1990) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).
[24] *Id.*

to Due Process and Equal Protection Under the Law; 4) Violations of FISA and the Patriot Act; 5) Civil Conspiracy and/or Collusion; 6) Fraud/Intentional Fraud/Fraud on the Court; 7) Malicious Prosecution; and 8) Outrageous Government Conduct Causing Intentional Infliction of Emotional Distress/Tort of Outrage.[25] Plaintiff makes the same claims, only seeking to add the Additional Defendants as parties, in her proposed Second Amended Complaint[26] and made the same eight claims in *Farr II*.[27]

The facts involving the Additional Defendants alleged in *Farr II* and *Farr III* are remarkably similar. They include the following. In March 2020, Plaintiff decided to run as an Independent candidate for the United States Senate in Oklahoma.[28] Her opponent was incumbent Senator Inhofe.[29] Inhofe and the government Defendants targeted a close family member giving him Covid using "Directed Energy Weapons."[30] Plaintiff threatened to sue Inhofe if he did not stop targeting she and her family and he retaliated by breaking up her relationship with her "soul mate."[31] Inhofe and the government Defendants accomplished this by placing Curry, a "poser" working for the CIA in his life.[32] Plaintiff lost the election to Inhofe in November 2020.[33] On April 7, 2021, Plaintiff emailed a Kansas senator's office

---

[25] ECF No. 44 at 21-30 (Complaint ¶¶ 146-200).
[26] ECF No. 55-1 at 22-31 (Proposed Second Amended Complaint ¶¶ 151-205) ("*Farr III* PSAC").
[27] *Farr v. Curry, et al.*, 21-cv-2020 - ECF No. 1 at 17-26 (Complaint ¶¶ 126-181) ("*Farr II* Comp.").
[28] *Farr II* Comp. ¶ 26, *Farr III* PSAC ¶ 51.
[29] *Farr II* Comp. ¶ 28, *Farr III* PSAC ¶ 53.
[30] *Farr II* Comp. ¶ 28, *Farr III* PSAC ¶ 62.
[31] *Farr II* Comp. ¶ 37, *Farr III* PSAC ¶ 65.
[32] *Farr II* Comp. ¶¶ 42-45, *Farr III* PSAC ¶¶ 70, 75.
[33] *Farr II* Comp. ¶ 65, *Farr III* PSAC ¶ 84.

to ask what agency Curry worked for so they could direct a congressional inquiry.[34] Plaintiff sued the government Defendants and Curry on April 21, 2021.[35] Plaintiff hired a private investigator to locate and serve Curry.[36] Curry conspired with Duston Slinkard ("Slinkard") and Allman to file false stalking charges against her.[37] Curry conspired with Allman to obtain representation by Hesse through KLS.[38] And Curry, Hesse, and KLS at the direction of Slinkard and Allman filed fraudulent contempt charges against her.[39]

### 2. Issue Preclusion

The claims and facts alleged in *Farr II* and *Farr III* are substantially the same. As Judge Crabtree explained in his order dismissing Plaintiff's claims in *Farr II*:

> "The doctrine of issue preclusion prevents a party [who] has lost the battle over an issue in one lawsuit from relitigating the same issue in another lawsuit." *In re Corey*, 583 F.3d 1249, 1251 (10th Cir. 2009). Issue preclusion consists of four elements:
>
>> (1) the issue previously decided is identical with the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party, or in privity with a party, to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.

---

[34] *Farr II* Comp. ¶ 84, *Farr III* PSAC ¶ 99.
[35] Farr II Comp. ¶ 88, *Farr III* PSAC ¶ 102.
[36] *Farr II* Comp. ¶¶ 89-93, *Farr III* PSAC ¶¶ 103-107.
[37] *Farr II* Comp. ¶¶ 94-95, *Farr III* PSAC ¶¶ 107-108.
[38] *Farr II* Comp. ¶ 99, *Farr III* PSAC ¶ 113.
[39] *Farr II* Comp. ¶ 101, *Farr III* PSAC ¶ 115.

> *Thompson v. Platt*, 815 F. App'x 227, 234 (10th Cir. 2020)
> (quoting *Park Lake Res. Ltd. Liab. Co. v. U.S. Dep't of Agric.*,
> 378 F.3d 1132, 1136 (10th Cir. 2004)).[40]

All four elements are satisfied. First, as set out above in detail, Plaintiff has again, alleged the same claims against the Additional Defendants based upon the same series of events. Second, Judge Crabtree previously decided all of Plaintiff's claims against the Additional Defendants on the merits. He dismissed them, noting, they are "implausible, frivolous, and fail to state a claim."[41] Before Judge Crabtree's ruling, Judge Broomes in *Farr I*, analyzed seven of the eight claims Plaintiff brought here, i.e., Counts 1-6 and 8. Plaintiff did not allege malicious prosecution in *Farr I*. Judge Broomes concluded those seven claims could not survive a motion to dismiss.[42] Third, Ms. Farr was the plaintiff in *Farr I*,[43] *Farr II*,[44] and in this case. And fourth, Plaintiff had a full and fair opportunity to litigate her claims with Judge Crabtree and Judge Broomes before him. Having satisfied all four elements, issue preclusion bars all eight claims against the Additional Defendants. Where Plaintiff's claims against the Additional Defendants previously have not survived motions to dismiss and are barred by issue preclusion, the undersigned concludes the claims against same would be futile.

---

[40] *Farr v. Curry*, 2022 WL 17819560, at *5.
[41] *Id.* at *5-6.
[42] *Farr v. United States Gov't*, 2022 WL 124032, at *4.
[43] *Farr v. United States Gov't*, 2022 WL 124032, at *1.
[44] *Farr v. Curry, 2022 WL 17819560, at *1*.

### 3. Filing Restrictions

Due to Plaintiff's continued filing of previously dismissed claims against the same parties, the undersigned recommends Plaintiff be restricted from bringing new lawsuits in this District. It is well established that "[t]he right of access to the courts is neither absolute nor unconditional and there is no constitutional right to access to the courts to prosecute an action that is frivolous or malicious."[45] "Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions under appropriate circumstances."[46] As set out above, Plaintiff has a history of duplicative and frivolous filings in this Court.

The factors relevant in deciding whether a litigant's access to the court should be restricted include:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing litigation, e.g. does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.[47]

---

[45] *Sieverding v. Colorado Bar Ass'n*, 469 F.3d 1340, 1343 (10th Cir. 2006) (quoting *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989)).
[46] *Ysais v. Richardson,* 603 F.3d 1175, 1180 (10th Cir. 2010) (quoting *Tripati,* 878 F.2d at 352).
[47] *United States v. Kettler*, 1991 WL 94457, at *6 (10th Cir. 1991) (citing *Safir v. United States Line, Inc.*, 792 F.2d 19, 24 (2nd Cir. 1986), *cert. denied*, 479 U.S. 1099 (1987)).

"Ultimately, the question the courts must answer is whether a litigant who as a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties."[48]

All factors weigh in favor of instituting filing restrictions against Plaintiff. First, Plaintiff's continued press of substantially the same claims against the Defendants here is duplicative and harassing. Second, Plaintiff cannot have a good faith expectation of prevailing. Of the nine cases she has filed in this District, the court has dismissed eight and she voluntarily dismissed the ninth. Third, Plaintiff historically proceeds *pro se*. Fourth, Plaintiff has caused needless expense to Defendants making them defend against her claims time and again. And fifth, dismissing Plaintiff's claims does not act as a deterrent. She simply refiles the same claims in a new case. Lesser sanctions will not protect the Court and parties.

Accordingly, **IT IS THEREFORE RECOMENDED** that Plaintiff's Motion to Amend to Join Additional Defendants (**ECF No. 55**) be **DENIED** as futile.

**IT IS FURTHER RECOMMENDED** Plaintiff be required to obtain leave of Court to initiate a civil case in this District without representation by an attorney admitted to practice before this Court.

---

[48] *Id.*

**IT IS SO ORDERED.**

Dated this 15th day of March 2023.

> s/ Gwynne E. Birzer
> GWYNNE E. BIRZER
> United States Magistrate Judge