## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JOAN E. FARR, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   **Case No. 22-2476-DDC-GEB** |
| | ) |
| UNITED STATES GOVERNMENT, | ) |
| et al., | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff's Objections to United States Attorney Duston Slinkard's Legal Representation of Government Defendants (**ECF No. 83**) which the Court construes as a motion to disqualify ("Motion"). Plaintiff opposes Duston Slinkard's ("Slinkard") continued representation of the United States ("U.S.") Government, the U.S. Department of Defense ("DOD"), the U.S. Department of Justice ("DOJ"), Senator James Inhofe ("Inhofe"), Luke Holland of the Office of Senator James Inhofe ("Holland"), Senator Jerry Moran ("Moran"), the Federal Bureau of Investigation ("FBI"), the Central Intelligence Agency ("CIA"), the Internal Revenue Service ("IRS"), and Assistant United States Attorney for the District of Kansas, Christopher Allman (collectively the "Federal Defendants") in this matter. She asks the Court to appoint new counsel for the Federal Defendants. After review of the parties' briefing, the Court **DENIES** Plaintiff's Motion for the reasons set forth below.

## I.     Background

The Court recounted Plaintiff's voluminous case history in this District in its Report

and Recommendation on Plaintiff's Motion to Amend to Join Additional Defendants[1] and

will not repeat it here. However, some background on the Plaintiff's three cases against the

Federal Defendants and others is helpful to understand this motion. This is the third case

brought by Plaintiff against various state and federal government agencies and personnel

who she alleges illegally conducted surveillance on her, and they conspired against her to

subvert her campaigns for the United State Senate in 2020 (Oklahoma) and/or 2022

(Oklahoma and Kansas).[2] Both prior cases have been dismissed in their entirety.

In the first of the three cases ("*Farr I*")[3] Plaintiff sued the U.S., DOD, DOJ, Inhofe,

FBI, CIA, IRS, and Christine Curry ("Curry"). All defendants, with the exception of Curry,

were represented in that matter by two Assistant United States Attorneys, Christopher

Allman ("Allman") and Wendy Lynn. In the second case ("*Farr* II"), Plaintiff sued only

Curry, Rebecca Hesse and Kansas Legal Services, but later unsuccessfully sought to amend

her complaint to add the Federal Defendants.[4] There Plaintiff included a claim of malicious

prosecution claiming Curry and Curry's counsel conspired with Slinkard and Allman to

file false stalking and contempt charges against her. In the current case ("*Farr III*"),

Plaintiff adds claims against Allman. They include claims Allman conspired with Curry to

help her obtain counsel in *Farr I*; Allman conspired with Curry and others, at the direction

---

[1] ECF No. 101.

[2] *See Farr v. United States Gov't,* No. 21-2183-JWB and *Farr v. Curry,* No. 22-2120-DDC.

[3] *Farr v. United States Gov't,* No. 21-2183-JWB.

[4] *Farr v. Curry,* No. 22-2120-DDC, 2022 WL 17819560 (D. Kan. Dec. 20, 2022).

of Inhofe, Holland, and Moran, to have Curry bring false contempt charges against Plaintiff; and Allman conspired with same to charge Plaintiff with contempt.[5]

## II.     Objections to United States Attorney Duston Slinkard's Legal Representation of Government Defendants

Plaintiff makes two claims in support of her Motion: 1) Slinkard represented the Federal Defendants in *Farr I* and "likely directed defendant AUSA Allman to threaten and intimidate plaintiff with false charges to violate her civil rights," and 2) Slinkard will have to testify for his client. The Court will look at each in turn.

### A.     Discussion

#### 1.     Allegation Slinkard Directed Allman to Threaten and Intimidate Plaintiff

"Disqualification of an attorney chosen by a party to represent him in a lawsuit is a serious matter."[6] A party's right to select his own counsel is not absolute, but may be overridden only where compelling reasons exist.[7] "Courts have the inherent power to disqualify counsel where necessary to preserve the integrity of the adversary process."[8] Therefore, motions to disqualify are "committed to the court's sound discretion."[9] The

---

[5] ECF No. 44.

[6] *Field v. Freedman,*  527 F.Supp. 935, 940 (D. Kan. 1981).

[7] *Ramsay v. Boeing Welfare Benefit Plans Committee*, 662 F.Supp. 968, 970 (D. Kan. 1987) (citing 28 U.S.C. § 1654; *Bottaro v. Hatton Assoc.,* 680 F.2d 895, 897 (2d Cir. 1982)).

[8] *Field,* 527 F.Supp. at 940.

[9] *Koch v. Koch Indus.*, 798 F.Supp. 1525, 1530 (D. Kan. 1992) (citing *E.E.O.C. v. Orson H. Gygi Co. Inc.*, 749 F.2d 620, 621 (10th Cir.1984)).

burden of proof in a motion to disqualify counsel is on the moving party.[10] "The proof must

be more than mere speculation and must sustain a reasonable inference of a violation."[11]

Plaintiff alleges Slinkard represented the majority of the Federal Defendants in *Farr*

*I* and "likely directed defendant AUSA Allman to threaten and intimidate plaintiff with

false charges to violate her civil rights." Slinkard was not counsel of record in *Farr I*.

Allman and Wendy Lynn, two Assistant United States Attorneys, represented the Federal

Defendants in that case. The Federal Defendants deny Plaintiff's allegations as "patently

false" and having "no basis in fact." They deny Allman threatened or intimidated Plaintiff

with false charges and assert at no point did Allman represent Curry or counsel her

regarding the state anti-stalking proceedings she brought against Plaintiff. Plaintiff offers

no facts in support of her flaccid allegation Slinkard "likely directed" Allman to threaten

and intimidate her.

Judge Crabtree analyzed Plaintiff's claims in *Farr II*, including her claim of

malicious prosecution.

> Plaintiff's malicious prosecution claim isn't easy to follow. But
> summarized fairly, it alleges that all defendants conspired "to
> file false contempt charges against" plaintiff and they "directed
> Curry to file a false stalking charge against her" to "prevent her
> from winning the United States Senate in 2022[.]" Doc. 1 at 23
> (Compl. ¶ 167). This claim refers to a state court proceeding
> that defendant Curry brought against plaintiff in Sedgwick
> County District Court.
>
> . . . .

---

[10] *Field*, 527 F.Supp. at 941.
[11] *Koch*, 798 F.Supp. at 1531.

> [T] the court dismisses plaintiff's malicious prosecution claim
> because it fails to assert a plausible claim for relief. Plaintiff's
> allegations of conspiracy—that the government planted a
> woman to break up her relationship, then procured a state court
> restraining order against her all as part of a plan to thwart her
> campaign to become a United States Senator—are implausible
> and frivolous.[12]

The undersigned agrees. The Court finds no evidence in support of Plaintiff's allegations

Allman threatened or intimidated Plaintiff with false charges or Slinkard directed Allman

to do so. Additionally, the Court finds Plaintiff's claims are mere speculation and do not

sustain a reasonable inference of a violation. Therefore, the Court concludes Plaintiff has

not met her burden of proof to disqualify Slinkard.

### 2.      Allegation Slinkard will be a Necessary Witness under KRPC 3.7

Plaintiff cites to *State v. Miles*, 382 P.2d 307 (Kan. 1963) which cites the rule under

Code of Professional Responsibility Disciplinary Rule 5-102(A). DR 5-102(A) states:

> If, after undertaking employment in contemplated or pending
> litigation, a lawyer learns or it is obvious that he or a lawyer
> in his firm ought to be called as a witness on behalf of his
> client, he shall withdraw from the conduct of the trial and his
> firm, if any, shall not continue representation in the trial ...

The Code of Professional Responsibility was replaced by the Model Rules of Professional

Conduct. The District of Kansas follows the Kansas Rules of Professional Conduct

---

[12] *Farr v. Curry,* 2022 WL 17819560, at *6.

("KRPC"), as adopted and amended by the Kansas Supreme Court.[13] KRCP 3.7 is implicated. It states:

> "[a] lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness."

Again, Plaintiff cites no specific facts in support of her claim Slinkard will be a witness at trial. She apparently relies on the facts set out in her Amended Complaint saying "[i]t is more than obvious to any reasonable person who reads the facts in this case." Because Plaintiff proceeds pro se, her pleadings must be construed liberally.[14] However, the Court cannot "take on the responsibility of serving as [her] attorney in constructing arguments and searching the record."[15] At this time, the Court finds no facts in support of Plaintiff's claim Slinkard will be a necessary witness at trial.

Although, KRPC 3.7, by its terms, prohibits a lawyer from acting "as an advocate at trial in which the lawyer is likely to be a necessary witness," courts in this District have allowed lawyers, who will be a necessary witness at trial, to participate in pretrial proceedings including participation in non-evidentiary hearings, motion hearings, status conferences, settlement conferences, and the final pretrial conference, and allowed them to

---

[13] *American Plastic Equip., Inc. v. Toytrckerz, LLC,* No. 07-2253-DJW, 2009 WL 902424, at *6 (D. Kan. March 31, 2009); *see D. Kan. R. 83.6.1(a)* which provides "The Kansas Rules of Professional Conduct as adopted and amended by the Supreme Court of Kansas are adopted by this court as the applicable standards of professional conduct, except as otherwise provided by a specific rule of this court."

[14] *Hall v. Bellmon*, 935 F. 2d 1106, 1110 (10th Cir. 1991).

[15] *Mays v. Wyandotte County Sheriff's Dep't*, 2010 WL 6032763, at *2 (10th Cir. 2011) (citing *Garrett v. Selby Connor Maddux & Janer,* 425 F.3d 836, 840 (10th Cir.2005)).

continue to sign and file pleadings with the court.[16] Because the Court does not have sufficient facts upon which to determine if Slinkard would be a necessary witness at trial, it will decline to determine any conflict which would bar Slinkard from continuing as counsel for the Federal Defendants at this time.

## III.  Conclusion

Therefore, for the reasons set forth above, Plaintiff's Objections to United States Attorney Duston Slinkard's Legal Representation of Government Defendants (**ECF No. 83)** which the Court construes as a motion to disqualify is **DENIED as described herein**.

**IT IS SO ORDERED.**

Dated March 16, 2023.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
U. S. Magistrate Judge

---

[16] *American Plastic Equip.,* at \*7; *see also Lowe v. Experian*, 328 F.Supp.2d 1122, 1127-28 (D. Kan. 2004).