IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOAN E. FARR,

     Plaintiff,

v.

UNITED STATES GOVERNMENT, et al.,

     Defendants.

Case No. 22-2476-DDC-GEB

## MEMORANDUM AND ORDER

Plaintiff Joan E. Farr, appearing pro se, filed this lawsuit against defendants United States Government, many agencies of the federal government, United States Senator James Inhofe and his chief of staff Luke Holland, United States Senator Jerry Moran, the State of Kansas, Kansas Secretary of State Scott Schwab, United States Assistant Attorney Christopher Allman, the District Court of Sedgwick County, Kansas, as well as "other known/unknown state and government actors." Doc. 44 at 2–5 (First Am. Compl. ¶¶ 1–15).[1]

Defendants Kansas and Sedgwick County District Court filed a Motion to Dismiss (Doc. 48). Defendant Scott Schwab filed a Motion to Dismiss (Doc. 50). And the federal defendants—Mr. Allman, the CIA, the FBI, Mr. Holland, Senators Inhofe and Moran, the IRS,

---

[1] Plaintiff Farr filed this lawsuit November 21, 2022 (Doc. 1). In response, defendants Kansas and Sedgwick County District Court moved to dismiss (Doc. 7) as did defendant Scott Schwab (Doc. 10). In January, United States Magistrate Judge Gwynne E. Birzer recognized plaintiff's right to file an Amended Complaint as a matter of right under Fed. R. Civ. P. 15(a)(1). *See* Doc. 38. Ms. Farr did so (Doc. 44), superseding her earlier filing. *See Franklin v. Kan. Dep't of Corr.*, 160 F. App'x 730, 734 (10th Cir. 2005) ("An amended complaint supersedes the original complaint and renders the original complaint of no legal effect." (citations omitted)). Thus, the court denies the pending motions attacking plaintiff's original Complaint (Docs. 7 & 10) as moot.

the DOD, the DOJ, and the United States—filed a Motion to Dismiss (Doc. 64).[2]  Plaintiff responded (Docs. 57, 58, 85).  For reasons explained below, the court grants each Motion to Dismiss.

Also before the court is plaintiff's "Motion to Amend Complaint to Join Parties" (Doc. 55) with an attached Proposed Seconded Amended Complaint (Doc. 55-1).  Plaintiff seeks to add defendants Christine Curry, Rebecca Hesse, and Kansas Legal Services.  Doc. 55 at 3.  Magistrate Judge Gwynne E. Birzer issued a Report and Recommendation (Doc. 101) recommending the court deny plaintiff's Motion to Amend (Doc. 55) as futile.  Judge Birzer also recommended the court impose filing sanctions on plaintiff.  Doc. 101 at 11.  Plaintiff objected to the Report and Recommendation (Doc. 103) and federal defendants responded (Doc. 104) asking the court to overrule plaintiff's objection and adopt Judge Birzer's Report and Recommendation.  As explained below, the court adopts both of Judge Birzer's recommendations.

Plaintiff's requests don't end with her request for leave to amend.  Also pending before the court are plaintiff's following motions:  Motion for Judgment on the Pleadings (Doc. 73); "Motion to Reconsider Court's Ruling to Deny her Motion for Injunctive Relief, or In the Alternative, Temporary Restraining Order" (Doc. 81); Motion to Add Supplemental Pleading (Doc. 94); and Objection to Order of Magistrate Judge (Doc. 100).  The court decides each motion, below.

---

[2]     The federal defendants filed an earlier Motion to Dismiss (Doc. 52), then filed a "corrected" Motion to Dismiss (Doc. 64) simply updating the language to replace the word "Complaint" with "Amended Complaint."  Doc. 64 at 1 n.1.  The court thus considers and decides defendants' updated motion—Doc. 64—and denies as moot its earlier Motion to Dismiss (Doc. 52).

## I.    Background

Plaintiff describes her claims best—as a "vast conspiracy[.]"  Doc. 57 at 1.  Of course, she characterizes this "vast conspiracy" as one she "has proven[.]"  *Id.*  And that is precisely the point where she and the court part ways.

In 2022, this court dismissed two lawsuits arising from the same alleged conspiracy.  *See Farr v. U.S. Gov't*, No. 21-2183-JWB, 2022 WL 124032 (D. Kan. Jan. 13, 2022) ("*Farr I*"); *Farr v. Curry*, No. 22-2120-DDC-KGG, 2022 WL 17819560 (D. Kan. Dec. 20, 2022) ("*Farr II*").[3]

In *Farr I*, plaintiff sued the United States, a handful of its agencies, and Christine Curry for conspiring against her 2020 candidacy for the United States Senate.  *Farr I*, 2022 WL 124032 at *1–2.  Judge Broomes dismissed all seven counts[4] holding that the court either lacked jurisdiction to decide the claims or that the court must dismiss the claims as "completely devoid of merit and . . . irrational or wholly incredible."  *Id.* at *4.

In *Farr II*, plaintiff sued Christine Curry, Kansas Legal Services, and Rebecca Hesse.  She again premised her claims on an alleged conspiracy where government actors had robbed her of a seat in the Senate.  *Farr II*, 2022 WL 17819560 at *3.  *Farr II* asserted seven of the eight claims[5] plaintiff already had prosecuted unsuccessfully in *Farr I*, and this court held that *Farr I*

---

[3]      The parties adopted this terminology ("*Farr I, Farr II, and Farr III*") in their briefing, and the court follows suit.

[4]      *Farr I*'s claims included "1) violation of her First Amendment Right to Freedom of Speech; 2) violation of the Fourth Amendment Right to Privacy; 3) violations of the Fourteenth Amendment Right to Due Process and Equal Protection; 4) Violations of the Foreign Intelligence Surveillance Act (FISA) and the Patriot Act; 5) Civil Conspiracy; 6) Fraud; and 7) Intentional Infliction of Emotional Distress."  *Farr I*, 2022 WL 124032, at *1.

[5]      Plaintiff asserted the following eight claims in *Farr II*:  "1) Violations of her First Amendment Right to Freedom of Speech, 2) Violations of her Fourth Amendment Right to Privacy, 3) Violations of her Fourteenth Amendment Right to Due Process and Equal Protection, 4) Violations of FISA and the Patriot Act, 5) Civil Conspiracy and/or Collusion, 6) Fraud by Commission/Intentional Fraud, 7)

precluded these claims and plaintiff otherwise failed to state a plausible claim. *Id.* at *4–6. The court also denied plaintiff's request for leave to join additional defendants "the United States, the DOD, the DOJ, Senator James Inhofe, his Chief of Staff Luke Holland, the FBI, the CIA, the IRS, Assistant United States Attorney Christopher Allman, and the District Court of Sedgwick County, Kansas." *Id.* at *7. It held that any proposed amendment wouldn't survive a motion to dismiss, thus granting leave was futile. *Id.*

Undeterred, plaintiff commenced this action—*Farr III*. When she couldn't secure leave to add additional federal government defendants to her lawsuit in *Farr II*, she instead filed an identical lawsuit against these defendants. *See* Doc. 44 at 21–30 (First Am. Compl. ¶¶ 146–200) (bringing the following eight claims: 1) Violations of her First Amendment Right to Freedom of Speech, 2) Violations of her Fourth Amendment Right to Privacy, 3) Violations of her Fourteenth Amendment Right to Due Process and Equal Protection, 4) Violations of FISA and the Patriot Act, 5) Civil Conspiracy and/or Collusion, 6) Fraud/Intentional Fraud/Fraud of the Court, 7) Malicious Prosecution, and 8) Outrageous Government Conduct Causing Intentional Infliction of Emotional Distress/Tort of Outrage). But, as this court predicted in *Farr II*, plaintiff's repurposed Complaint won't survive a motion to dismiss.

The court doesn't summarize plaintiff's allegations comprising her latest Complaint as they're well documented in *Farr I* and *Farr II*. Also, the court already has summarized plaintiff's history of frivolous litigation in the District of Kansas. *See Farr II*, 2022 WL 17819560 at *1–3.

---

Malicious Prosecution, and 8) Outrageous Government Conduct Causing Intentional Infliction of Emotional Distress/Tort of Outrage." *Farr II*, 2022 WL 17819560, at *3.

## II.     Motions to Dismiss

Defendants have filed Motions to Dismiss (Docs. 48, 50, 64) asking the court to dismiss plaintiff's claims under Rule 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim.  Plaintiff has responded (Docs. 57, 58, 85).  For reasons explained below, the court dismisses all of plaintiff's claims against each defendant.

### A.  Legal Standard

Defendants seek dismissal under two aspects of Rule 12—Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

First, applying to the part of the motion invoking Rule 12(b)(1), a defendant may move the court to dismiss for lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  "Federal courts are courts of limited jurisdiction and, as such, must have a statutory basis to exercise jurisdiction."  *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002).  Federal district courts have original jurisdiction over all civil actions arising under the constitution, laws, or treaties of the United States or where there is diversity of citizenship.  28 U.S.C. §§ 1331–32.  "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking."  *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).  The party invoking federal jurisdiction bears the burden to prove it exists. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 906 F.3d 926, 931 (10th Cir. 2018).

Second, applying to defendants' arguments under Rule 12(b)(6), a party may move the court to dismiss an action for failing "to state a claim upon which relief can be granted[.]"  Fed. R. Civ. P. 12(b)(6).  For a complaint to survive a Rule 12(b)(6) motion to dismiss, the pleading

"must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

When considering a Rule 12(b)(6) motion to dismiss, the court must assume that the factual allegations in the complaint are true, but it is "'not bound to accept as true a legal conclusion couched as a factual allegation[.]'" *Id.* (quoting *Twombly*, 550 U.S. at 555).  And, while this pleading standard doesn't require "'detailed factual allegations,'" it demands more than a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" which, the Supreme Court has explained, simply "'will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

Because plaintiff appears pro se, the court construes her pleadings liberally and holds them "to a less stringent standard than formal pleadings drafted by lawyers." *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  But the court can't assume the role of her advocate.  *Id.*  Finally, plaintiff's pro se status does not excuse her from "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.*

### B.  Analysis

Below, the court addresses defendants' various Motions to Dismiss in the order they filed them.

### 1.  Kansas and the District Court of Sedgwick County's Motion to Dismiss (Doc. 48)

Defendants Kansas and the District Court Sedgwick County argue that the Eleventh Amendment provides them sovereign immunity from suit.  They're right.

The Eleventh Amendment grants immunity that "accord[s] states the respect owed them as joint sovereigns[,]" and "applies to any action brought against a state in federal court, including suits initiated by a state's own citizens." *Steadfast Ins. v. Agric. Ins.*, 507 F.3d 1250, 1252 (10th Cir. 2007) (citations omitted).  Eleventh Amendment immunity bars "unconsented suits in federal court against a state and arms of the state." *Wagoner Cnty. Rural Water Dist. No. 2 v. Grand River Dam Auth.*, 577 F.3d 1255, 1258 (10th Cir. 2009) (citation omitted).  Here, the District Court defendant is an arm of the State of Kansas.  *See* Kan. Const. art. III, §§ 1, 6 (providing that district courts are a division of the state judicial system in Kansas).  Thus, both defendants are immune from suit unless some exception to its Eleventh Amendment immunity applies.

Plaintiff argues that two exceptions apply:  first, she argues, sovereign immunity protects only states, not counties; and second, she argues, the court should apply the *Ex parte Young* exception to Eleventh Amendment immunity that permits suits against state officials to stop ongoing constitutional violations.  Plaintiff's arguments fall short.  First, this court has held that the state's district courts fall within the Eleventh Amendment's protection.  *See, e.g.*, *Johnson v. Schmidt*, No. 20-3017-SAC, 2020 WL 2126700, at *3 (D. Kan. May 5, 2020) ("Kansas state law clearly characterizes the district courts as arms of the state government—part of a unified judicial branch along with the Kansas Supreme Court and Kansas Court of Appeals." (citations omitted)).  Second, the Amended Complaint alleges no facts suggesting that these defendants are currently violating her federal constitutional rights, so *Ex parte Young* doesn't apply.  *See Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002) ("In determining whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation

of federal law and seeks relief properly characterized as prospective." (quotation cleaned up)).
No exception applies here.

In sum, the Eleventh Amendment bars plaintiff's claims against Kansas and the District
Court of Sedgwick County, Kansas. The court thus dismisses the claims against both the District
Court of Sedgwick County and the State of Kansas.

### 2. Kansas Secretary of State Scott Schwab (Doc. 50)

Defendant Kansas Secretary of State Scott Schwab also argues that sovereign immunity
bars any claims against him in his official capacity. Then, he asks the court to dismiss any
claims made against him in his personal capacity under Rule 12(b)(6).

Eleventh Amendment immunity, as described above, also protects state officials against
suits in their official capacity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)
("[A] suit against a state official in his or her official capacity is not a suit against the official but
rather is a suit against the official's office."). Again, plaintiff invokes the *Ex parte Young*
exception—allowing parties to sue state officials to enjoin *ongoing* constitutional violations.
Doc. 58 at 2. She argues that since she "has already presented evidence of the CIA breaking into
her home after the election, any reasonable person would believe that Secretary of State
Schwab's CIA status warrants injunctive relief to prevent him and the government defendants
from further harming her and her loved ones." *Id.* at 3. But again, these remarkable allegations
only allege past harm and potential future harm, but no ongoing harm. Thus, no exception
applies here. The Eleventh Amendment bars plaintiff's claims against defendant Schwab in his
official capacity.

The court dismisses any claims made against defendant Schwab in his personal capacity
for failure to state a plausible claim under Rule 12(b)(6). Plaintiff's claims fail for many reasons.

But perhaps mostly simply, her Complaint never alleges facts that, if true, could support a plausible claim. Plaintiff's factual allegations—ones that culminate in her claim that Secretary Schwab was involved in rigging her election—don't cross "the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. In fact, they don't even approach the starting line.

Plaintiff alleges that Secretary Schwab "rigged" the 2022 United States Senate primary election against her, conspiring with Senators Moran and Inhofe by "ensur[ing] an algorithm was used to suppress [her] votes." Doc. 44 at 16 (Am. Compl. ¶¶ 122–25). Plaintiff was sure these defendants rigged the primary because she lost the primary in Sedgwick County, "where she has lived for 58 years," and "she did not win any counties in Kansas[,]" while the "first openly gay candidate running as Democrat in Kansas which is the 'Bible Belt,' . . . won his county and the county next to him" despite finishing "last in his race with only 2.9% of the vote[.]" *Id.* (Am. Compl. ¶¶ 127–28). Among other inconceivable allegations, she claims that defendants, including defendant Schwab, "sabotage[d] her campaign by blocking emails/PayPal buttons . . . converting [donations] to Senator Inhofe and/or government defendants, us[ing] CIA mind control and nanobots to break up her relationship . . . instruct[ing] the IRS to file false liens against her properties . . . bring[ing] false stalking charges . . . then false contempt charges to try and commit her so no one would vote for her in her Senate run in 2022, [and finally rigging] the primary election so she would lose." *Id.* at 17–18 (Am. Compl. ¶ 137).

For the same reason it has dismissed plaintiff's claims before, the court dismisses them again. *See Farr II*, 2022 WL 17819560, at *6 (finding the claims "implausible and frivolous"); *Farr I*, 2022 WL 124032, at *4 n.6 (finding the claims "implausible, irrational, and wholly incredible"). Thus, the court dismisses all claims against defendant Schwab.

### 3. Federal Government Defendants (Doc. 64)

The federal government defendants[6] ask the court to dismiss plaintiff's claims because they're "so insubstantial and implausible that this court lacks subject matter jurisdiction to consider them."  Doc. 65 at 8 (citing *Olsen v. Aebersold*, 71 F. App'x 7, 9 (10th Cir. 2003) (courts lack jurisdiction "when the claim is so insubstantial, implausible, foreclosed by prior decisions . . . or otherwise completely devoid of merit as not to involve a federal controversy" (citations and internal quotation marks omitted))).

Plaintiff's allegations span a wide gamut.  A few exemplify the overall content of her Complaint as it applies to the federal government defendants.  Plaintiff alleges that:  Senator Inhofe and other government defendants "had been monitoring [her] on social media, and on or about April 16, 2020, they targeted a close family member of [hers] and gave him Covid using Directed Energy Weapons[.]"  Doc. 44 at 10 (Am. Compl. ¶ 58); she "knew from her past non-profit work that the government uses spies to monitor churches . . . and also to discreetly cause death in Wichita area hospitals" and "CIA contractors and state actors" have "surveille[ed] and harassed" her for years. *Id.* (Am. Compl. ¶ 65); after she informed "the Kansas senator's office that she just wanted to adopt a little girl and move away" in March 2021, this information "triggered Senator Inhofe to target plaintiff again and try to obtain $109,00 in back taxes she never really owed." *Id.* at 12 (Am. Compl. ¶¶ 84–85); and ultimately, the government defendants used "CIA mind control and nanobots to break up her relationship" and rigged a 2022 Senate primary election against her. *Id.* at 17–18 (Am. Compl. ¶ 137).

---

[6]     The federal government defendants include "the United States Government including the United States Department of Defense, the United States Department of Justice, United States Senator James Inhofe, Luke Holland of the Office of United States Senator James Inhofe, United States Senator Jerry Moran, the Federal Bureau of Investigation, the Central Intelligence Agency, the Internal Revenue Service, and Assistant United States Attorney for the District of Kansas, Christopher Allman[.]"  Doc. 64 at 1 ("Corrected Federal Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment").

These claims can't withstand a motion to dismiss. "Claims presenting bizarre conspiracy theories or describing fantastic government manipulations exemplify matters which may be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction." *Frank v. Bush*, No. 09-4146-RDR, 2010 WL 1408405, at *3 (D. Kan. Apr. 2, 2010), *aff'd*, 391 F. App'x 745 (10th Cir. 2010) (dismissing claims—in case that Ms. Farr[7] helped a pro se plaintiff file—based on allegations that "President George W. Bush and the Department of Homeland Security . . . authorized Wichita area hospitals . . . to use a 'steroid cocktail' to try and cause death[,]" *id.* at *2, to plaintiff and Ms. Farr among others). The court agrees with defendants. Plaintiff's claims are "insubstantial, implausible, [**and**] foreclosed by prior decisions[.]" *Aebersold*, 71 F. App'x at 9 (citations and internal quotation marks omitted).

The court adopts its analysis from *Farr II* where it denied plaintiff leave to add these federal government defendants:

> Plaintiff's allegations that the government conspired against her and gave her son COVID-19 are insufficient to raise a plausible claim for relief. *See Thibeaux v. Cain*, 448 F. App'x 863, 864 (10th Cir. 2012) (dismissing a claim under 28 U.S.C. § 1915(e)(2)(B) because a "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible") (citation and internal quotation marks omitted); *Olsen v. Aebersold*, 71 F. App'x 7, 9 (10th Cir. 2003) (explaining that courts lack jurisdiction "when the claim is so insubstantial, implausible, foreclosed by prior decisions . . . or otherwise completely devoid of merit as not to involve a federal controversy") (citation and internal quotation marks omitted); *Stanton v. Unknown Agent or Agency*, No. 17-CV-2120-DDC-KGG, 2017 WL 1289985, at *2 (D. Kan. Apr. 6, 2017) (dismissing plaintiff's complaints under 28 U.S.C. § 1915(e)(2)(B) because his allegations that unidentified government agencies and agents were surveilling him failed to state a claim for relief), *aff'd*, 697 F. App'x 586 (10th Cir. 2017); *Randall v. South Dakota*, No. 12-136-ADM/TNL, 2012 WL 1055745, at *1 (D. Minn. Mar. 28, 2012) (dismissing plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B) because the plaintiff's allegations that defendants were conducting surveillance of her life with equipment provided by either South Dakota or the United States were insufficient to present a plausible claim for relief); *Richards v. Duke Univ.*, 480 F. Supp. 2d 222, 232–33 (D.D.C. 2007) (dismissing plaintiff's complaint under Fed. R. Civ. P.

---

[7]     Plaintiff "has appeared in this court both as Joan Heffington and Joan Farr." *Farr I*, 2022 WL 124032, at *1 n.2.

> 12(b)(1) because the plaintiff's allegations of "roving surveillance that followed her
> everywhere she went" were "fantastic to the point of being patently insubstantial
> and warrant[ed] a dismissal").

*Farr II*, 2022 WL 17819560, at *7.  The court concludes that plaintiff's allegations of a

government conspiracy against her don't raise a plausible claim for relief.  *See Mettlen v.

Kaste*, No. 16-CV-4008-DDC-KGG, 2016 WL 5792774, at *4 (D. Kan. Oct. 4, 2016) ("So

long as plaintiff's Complaint is premised—as it is here—on defendants' alleged use of mind

control devices attached to small jets, he cannot state a plausible claim for relief."); *see also

Manco v. Does*, No. 08-3205-SAC, 2009 WL 2356175, at *4–5 (D. Kan. July 29,

2009) (dismissing a plaintiff's claims alleging mind-control for lacking any arguable basis in

law or fact and gathering several cases holding the same).  Thus, the court dismisses all of

plaintiff's claims against these federal defendants.

## III.    Report and Recommendation

On March 15, 2023, Magistrate Judge Birzer entered a Report and Recommendation

(Doc. 101) recommending that the assigned district judge (1) deny plaintiff's Motion to Amend

to Join Additional Defendants (Doc. 55) as futile and (2) impose filing restrictions on plaintiff.

Doc. 101 at 11.  Plaintiff filed "Objections to Report and Recommendation" (Doc. 103), and the

federal defendants responded (Doc. 104) encouraging the court to adopt Judge Birzer's R&R.

In short, the R&R recommends denying plaintiff leave to amend under Fed. R. Civ. P. 15(a)(1)

because all of plaintiff's proposed amended claims couldn't survive a motion to dismiss, so

adding defendants is a futile endeavor.  Doc. 101 at 5–9.  Because plaintiff objected, Rule

72(b)(2) directs the court to review her motion de novo.

## A.  Legal Standard

Fed. R. Civ. P. 72(b)(2) provides that any party, after a magistrate judge enters a recommended disposition on a dispositive matter, a party may serve and file specific, written objections to the magistrate judge's order within 14 days after service of a copy of the recommended disposition.  Then, under Fed. R. Civ. P. 72(b)(3), the district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); *Kelly-Leppert v. Monsanto/Bayer Corp.*, No. 20-2121-KHV, 2020 WL 2507634, at *2 (D. Kan. May 15, 2020) ("In conducting a de novo review, the Court must consider relevant evidence of record and not merely review the magistrate judge recommendation.").

After making this determination, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  And the court, in its discretion, may "receive further evidence" when deciding an objection to the magistrate judge's recommendations.  *See id.*; *see also* Fed. R. Civ. P. 72(b)(3).

## B.  Analysis

The court conducts a de novo review of Judge Birzer's recommendations to:  (1) deny plaintiff's Motion to Amend to Join Additional Defendants (Doc. 55) as futile and (2) impose filing restrictions on plaintiff.

### 1.  Leave to Amend

As Judge Birzer did in her Report and Recommendation (Doc. 101), the court applies Fed. R. Civ. P. 15(a) to determine whether it should grant plaintiff leave to amend her Complaint.

Under Fed. R. Civ. P. 15(a)(2), the court should allow leave to amend freely "when justice so requires."  However, the court may deny leave to amend where amendment would prove futile.  *See Knight v. Mooring Cap. Fund, LLC*, 749 F.3d 1180, 1190 (10th Cir. 2014) ("[I]t is appropriate to dismiss without allowing amendment where it is obvious that the plaintiff cannot prevail on the facts she has alleged and it would be futile to give her an opportunity to amend." (quotation cleaned up));  *Watson ex rel. Watson v. Beckel*, 242 F.3d 1237, 1239–40 (10th Cir. 2001) ("A proposed amendment is futile if the complaint, as amended, would be subject to dismissal for any reason, including that the amendment would not survive a motion for summary judgment.");  *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999) (explaining that "[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts [she] has alleged and it would be futile to give [her] an opportunity to amend").

Here, plaintiff's proposed amendment wouldn't survive a motion to dismiss.  As explained above, plaintiff's allegations are insufficient to state a plausible claim for relief.  Adding defendants—defendants who already have litigated these claims successfully—would do nothing to help this Complaint survive a motion to dismiss.  Thus, the court denies plaintiff leave to amend (Doc. 55).  But it doesn't end the review of the R&R there.  Judge Birzer also recommended the court impose filing sanctions on plaintiff.  Plaintiff objected to this recommendation.  So again, the court analyzes the issue from a de novo lens.

## 2. Filing Restrictions

As Judge Birzer's Report declared—and the record unassailably substantiates—plaintiff

"has a history of duplicative and frivolous filings in this [c]ourt." Doc. 101 at 10.  The Circuit

has explained that "the right of access to the courts is neither absolute nor unconditional, and

there is no constitutional right of access to the courts to prosecute an action that is frivolous or

malicious." *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989) (citations omitted).  Federal

courts hold "'the inherent power . . . to regulate the activities of abusive litigants by imposing

carefully tailored restrictions under the appropriate circumstances.'"  *Id.* (quoting *Cotner v.*

*Hopkins*, 795 F.2d 900, 902–903 (10th Cir. 1986)).  To determine whether to limit a litigant's

future access to courts, the court considers:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious,
> harassing or duplicative lawsuits; (2) the litigant's motive in pursuing litigation,
> *e.g.* does the litigant have an objective good faith expectation of prevailing?; (3)
> whether the litigant is represented by counsel; (4) whether the litigant has caused
> needless expense to other parties or has posed an unnecessary burden on the courts
> and their personnel; and (5) whether other sanctions would be adequate to protect
> the courts and other parties.

*United States v. Kettler*, 934 F.2d 326, 1991 WL 94457, at *6 (10th Cir. 1991) (unpublished

table opinion) (citing *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986)).

These five factors overwhelmingly favor placing some restrictions on plaintiff.  First,

plaintiff has spent years litigating the same claims against the same defendants.[8]  Second,

plaintiff just can't possess an *objective* good faith expectation of prevailing on the claims

asserted in this action when this court has dismissed *these identical claims* time and time again.

Third, in each of the cases previously discussed, plaintiff has proceeded pro se.  Fourth,

---

[8]     *See Farr II*, 2022 WL 17819560, at *1–3 (summarizing plaintiff's history of litigating in this
district and the Tenth Circuit); *see also Farr I*, 2022 WL 124032, at *1 (collecting cases).

plaintiff's lawsuits have imposed significant expense for the various defendants in her lawsuits, especially the repeat defendants.[9]  Fifth, the court adopts Judge Birzer's view that "dismissing [p]laintiff's claims does not act as a deterrent" because she "simply refiles the same claims in a new case."  Doc. 101 at 11.

Judge Birzer recommends the court require plaintiff "to obtain leave of [c]ourt to initiate a civil case in this District without representation by an attorney admitted to practice before this [c]ourt."  *Id.*  The court again agrees with Judge Birzer's recommendation:  this restriction is appropriate.

In a similar case where a "plaintiff ha[d] disregarded prior warnings and continue[d] to pursue claims against defendant that ha[d] been dismissed and described as 'delusional,'" this court imposed the following filing restrictions:

> Plaintiff is prohibited from filing another case in this district against this defendant, unless he is represented by counsel or, if he proceeds pro se unless he provides a notarized affidavit that verifies with particularity that the new action is commenced on grounds that are distinguishable from those previously dismissed.  Any proposed complaint against defendant must list all previous actions against defendant and provide notice of this filing restriction.  Upon compliance with these requirements, the court will review the complaint and determine whether it should be accepted for filing.

*Greenlee v. U.S. Postal Serv.*, No. 06-2167-CM, 2007 WL 141016, at *6 (D. Kan. Jan. 17, 2007).  The Tenth Circuit affirmed this decision, concluding that "given the frequency, redundancy, heft, and sheer implausibility of [plaintiff's] complaints, these modest restrictions

---

[9]     In briefs supporting an earlier request to impose filing restrictions in *Farr II*, defendants Kansas Legal Services and other individuals report that they had spent more than $11,000 in attorney's fees to date defending that case.  Defs.' Mem. In Supp. of Their Mot. for Inj. at 5, *Farr II*, No. 22-2120-DDC-KGG (D. Kan. Feb. 17, 2023), ECF No. 64.  They also report that counsel previously defended a homeowner's association against plaintiff's § 1983 claims from about 2016 to 2018, requiring that homeowner's association "to expend $70,237.30 to defend a meritless case."  *Id.* at 6 (referencing *Farr v. Davis*, No. 16-2180-CM, 2018 WL 10456438, at *1 (D. Kan. Feb. 14, 2018), *aff'd*, 733 F. App'x 961 (10th Cir. 2018), *cert. denied*, 139 S. Ct. 1291 (2019)).

are more than appropriate to protect the limited resources of the district court as well as our own." 247 F. App'x 953, 954 n.3 (10th Cir. 2007).  The court adopts similar filing restrictions here.

## C. Conclusion

In its discretion, the court accepts Judge Birzer's recommendations and slightly modifies her proposed filing restrictions.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  It denies plaintiff's Motion to Amend to Join Additional Defendants (Doc. 55) as futile.  And it imposes the following filing restrictions on Ms. Farr.

Plaintiff, Joan E. Farr, is prohibited from filing another case in this district against the defendants in this case and defendants in Case No. 22-2120 (Kansas Legal Services, Rebecca Hesse, and Christine Curry), unless she is represented by counsel who is a member of this court's bar.  Plaintiff may proceed pro se *only if* she provides a notarized affidavit that verifies with particularity that a new action against those defendants is commenced on different grounds from any suit that she:  (a) filed; and (b) was dismissed by the court.  Any proposed complaint against any one of these defendants must list all previous actions against the defendant or defendants she has sued and provide notice that the court imposed this filing restriction.  If the pro se complaint meets these requirements, the court will review it and determine whether it will accept the complaint for filing.[10]

## IV. Motion for Judgment on the Pleadings

Plaintiff has filed a Motion for Judgment on the Pleadings (Doc. 73).  Defendants have responded (Docs. 74, 75) and plaintiff has replied (Docs. 86, 87).  Plaintiff asks the court to enter judgment in her favor under Fed. R. Civ. P. 12(c)—requesting relief ranging from "expungement

---

[10]     For simplicity, the court summarizes the filing restrictions imposed by this Order on plaintiff Joan E. Farr in Attachment A.

of the false stalking order issued against" her, to a judgment invalidating the 2022 United States

Senate race results and declaring her a winner by default, to "$741,122,235.00" in damages.

Doc. 73 at 1–5. The court denies this request. But first, it states Rule 12(c)'s legal standard, and

briefly explains its reasoning.

Rule 12(c) allows "[a]fter the pleadings are closed—but early enough not to delay trial—

a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The court employs the

same standard of review as a Rule 12(b)(6) motion. As explained above Rule 12(b)(6) requires

the pleading to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that

is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing

*Twombly*, 550 U.S. at 556).

Concluding that plaintiff's claims fail as a matter of law—a result reached in this Order—

it's logical to conclude that plaintiff isn't entitled to judgment as a matter of law on those claims.

Thus, the court denies plaintiff's motion for the same reasons already discussed.

## V.     Motion to Reconsider

Plaintiff also has filed a "Motion to Reconsider Court's Ruling to Deny her Motion for

Injunctive Relief, or In the Alternative, Temporary Restraining Order" (Doc. 81). This motion

asks the court to reconsider its ruling from a January 25, 2023 hearing—denying her injunctive

relief against various government actors. *See id.* Plaintiff's motion explains that she "could not

exactly name who should be enjoined since they can make themselves invisible" yet "these are

clearly extraordinary circumstances" necessitating injunctive relief. *Id.* at 3 (emphasis omitted).

Plaintiff doesn't cite or attempt to apply Rule 60(b), and she provides no reason that justifies the relief she seeks.  Thus, the court denies this motion.

## VI.     Motion for Supplemental Pleadings

In this motion, plaintiff asks the court to allow her to file a supplemental pleading under Fed. R. Civ. P. 15(d).  Doc. 94.  This request invokes Rule 15(d) of the Federal Rules of Civil Procedure, a rule providing that the court may "permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."  Fed. R. Civ. P. 15(d).  That's the easy part.

The hard part is discerning precisely which pleading plaintiff aspires to supplement and with what she asks to supplement it.  Giving plaintiff's motion the broadest possible interpretation, it asks to supplement her Amended Complaint with "two more affidavits as proof of her claims in this matter[.]"  Doc. 94 at 1 (citing "[Doc. 73 'Plaintiff's declaration,' p. 4 see *Note]").  And the referenced part of this filing—Doc. 73—indeed includes a four-page Declaration purportedly signed by plaintiff.  *See* Doc. 73 at 6–9.  Also, one can read plaintiff's motion to ask to supplement her Amended Complaint to include a Disposition and Order issued by the Family Law Department of Kansas's Eighteenth Judicial District, the District Court of Sedgwick County.  *See* Doc. 94-1.  Finally, plaintiff's motion seems to ask to supplement the Amended Complaint with an Affidavit purportedly signed by a Steven Gammill.  *See* Doc. 94-2.

To be sure, some of the content of these three sources of possible supplementation is remarkable.  But the court doesn't rest its decision on the content of the proposed supplemental material.  Instead, the court denies this motion based on the timing requirement of Rule 15(d).  Specifically, Rule 15(d) allows the filer of a pleading to supplement it with a "transaction, occurrence, or event *that happened after the date* of the pleading to be supplemented."  Fed. R.

Civ. P. 15(d) (emphasis added).  Here, plaintiff filed her Amended Complaint on January 9,

2023.  *See* Doc. 44.  But the information plaintiff seeks leave to plead supplementally occurred

before that date.

For instance, Sedgwick County Court issued the pertinent Order in 2021.  *See* Doc. 94-1.

Mr. Gammill purports to have signed his Affidavit in late January of 2023.  But that's not the

controlling date.  The controlling date is when the "supplemental" events referenced in it

allegedly occurred.  And those events—with one exception—occurred well before January 9,

2023.  *See* Doc. 94-2 (referencing effort beginning in 2009 after President Obama's election to

target Mr. Gammill and an alleged conspiracy in 2022 to prevent plaintiff from winning a Senate

primary election).[11]

Ms. Farr's four-page Declaration in Doc. 73—filed just 14 days after she filed her

Amended Complaint is a story unto itself.  It collects assertions about some of plaintiff's prior

grievances.  For example, the Declaration refers to "hundreds of targeted individuals from 2004–

2022 who were targeted by the government under National Security Letters."  Doc. 73 at 6 (Farr

Decl. ¶ 3).  It also references a December 2004 event when plaintiff flew to Minnesota for her

Uncle's birthday, and Ms. Farr declares that she "felt that [she] was on a 'no fly list[.]'"  *Id.* at 7

(Farr Decl. ¶ 5).  The Declaration also describes the CIA's use of a "cloak of invisibility" to

punish a woman who failed in 2012 to secure a restraining order requiring Warner Brothers to

stop using her name in *The West Wing* television show.  *Id.* at 8 (Farr Decl. ¶ 13).  The salient

and, ultimately dispositive characteristic of these events is when they allegedly occurred.  They

all allegedly occurred before plaintiff filed her Amended Complaint in January 2023.  As a

---

[11]     The lone exception in Mr. Gammill's affidavit references a lawsuit purportedly filed in Texas on
January 11, 2023, "against government officials for crimes against humanity involving the use of Directed
Energy Weapons being used to target innocent people on the terrorist watchlist."  Doc. 94-2 at 1.  Plaintiff
never explains what this Texas lawsuit has to do with her claims here.

result, they cannot satisfy Rule 15(d)'s essential requirement, *i.e.*, that the proposed supplemental pleading must aspire to allege events "that happened after the date of the pleading to be supplemented."  Fed. R. Civ. P. 15(d).

In sum, none of these documents or the events they describe sets out a "transaction, occurrence, or event that happened after the [filing] date of the pleading to be supplemented." *See* Fed. R. Civ. P. 15(d).  Thus, the court denies plaintiff's Motion to Supplement (Doc. 94).

## VII.    Objection to Magistrate Judge's Order

Finally, plaintiff also has filed her "Objections to Order (Doc. 98)."  Doc. 100.  In it, plaintiff objects to Magistrate Judge Birzer's text order postponing a Rule 16 conference until this court decided the pending motions to dismiss.  Plaintiff explains that she objects out of necessity "for appeal purposes[.]"  *Id.* at 1.  Plaintiff's objection fails to demonstrate how Judge Birzer's non-dispositive decision to postpone the Rule 16 conference was "clearly erroneous" or "contrary to law" such that the court shoulder overrule her scheduling decisions under Fed. R. Civ. P. 72(a).  Thus, the court overrules this objection.

## VIII.   Conclusion

The court grants the dispositive motions filed by the three state defendants—the State of Kansas, the District Court of Sedgwick County, Kansas, and Kansas Secretary of State Scott Schwab.  The court also grants the dispositive motions filed by all of the federal defendants.  In contrast, the court denies a host of motions filed by plaintiff.  They are enumerated in the decretal paragraphs that follow.

The court also imposes filing restrictions on plaintiff Joan E. Farr, and directs the Clerk of the Court to take all necessary steps to implement those restrictions.  This Order specifies those restrictions and Attachment A summarizes them.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendants Kansas and the District Court of Sedgwick County's Motion to Dismiss (Doc. 48) is granted.

**IT IS FURTHER ORDERED THAT** defendant Scott Schwab's Motion to Dismiss (Doc. 50) is granted.

**IT IS FURTHER ORDERED THAT** the Motion to Dismiss (Doc. 64) of the "federal defendants," *i.e.*, Christopher Allman, Central Intelligence Agency, Federal Bureau of Investigation, Luke Holland, James Inhofe, Internal Revenue Service, Jerry Moran, United States Department of Defense, United States Department of Justice, United States Government, is granted.

**IT IS FURTHER ORDERED THAT** plaintiff's Motion to Amend to Join Additional Defendants (Doc. 55) is denied and the court adopts Magistrate Judge Birzer's Report and Recommendation on this motion (Doc. 101), as explained in this Order.

**IT IS FURTHER ORDERED THAT** defendants' other Motions to Dismiss (Docs. 7, 10, and 52) are denied as moot.

**IT IS FURTHER ORDERED THAT** plaintiff's Motion for Judgment on the Pleadings (Doc. 73) is denied.

**IT IS FURTHER ORDERED THAT** plaintiff's Motion to Reconsider (Doc. 81) is denied.

**IT IS FURTHER ORDERED THAT** plaintiff's Motion to Add Supplemental Pleadings (Doc. 94) is denied.

**IT IS FURTHER ORDERED THAT** plaintiff's Objection to Order of Magistrate Judge (Doc. 100) is overruled.

**IT IS FURTHER ORDERED THAT** plaintiff, Ms. Farr, is prohibited from filing another case in this district against the defendants sued in this case and in Case No. 22-2120 (Kansas Legal Services, Rebecca Hesse, and Christine Curry), unless she is represented by counsel who is a member of this court's bar.  Plaintiff may proceed pro se only if she provides a notarized affidavit that verifies with particularity that the new action is commenced on different grounds from those cases previously dismissed by this court.  Any proposed complaint against any of the defendants covered by this Order must list all previous actions against the defendants and provide them with notice of this filing restriction.  If plaintiff submits a pro se complaint meeting these requirements, the court will review it and determine whether it will accept the complaint for filing.

These rulings dispose of all claims asserted in the case and the court thus directs the Clerk to enter a Judgment consistent with this Order and close the case.

**IT IS SO ORDERED.**

**Dated this 30th day of June, 2023, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**

**Attachment A—Summary of Filing Restrictions on Joan E. Farr**

**(1) Restrictions Applying to Joan E. Farr UNLESS REPRESENTED BY AN ATTORNEY ADMITTED TO PRACTICE BEFORE THIS COURT**

- Unless she is represented by counsel who is a member of this court's bar, plaintiff, Joan E. Farr, is prohibited from filing another case in this district against:
    - Defendants in Case No. 22-2476 (Scott Schwab, State of Kansas, District Court of Sedgwick County, Kansas, Christopher Allman, Central Intelligence Agency, Federal Bureau of Investigation, Luke Holland, James Inhofe, Internal Revenue Service, Jerry Moran, United States Department of Defense, United States Department of Justice, United States Government)
    - Defendants in Case No. 22-2120 (Kansas Legal Services, Rebecca Hesse, and Christine Curry)

**(2) Joan E. Farr, if unrepresented by counsel, may not sue any of the defendants identified in paragraph (1) unless she:**

- provides a notarized affidavit verifying with particularity that a new action against those any one of those defendants is commenced on different grounds from any suit that she:
    - previously has filed; and
    - the court has dismissed.
- Any proposed complaint against any one of these defendants must:
    - list all previous suits brought against any one or more of defendants identified in paragraph (1), above; and
    - provide notice to such defendants that the court has imposed this filing restriction on Ms. Farr.

If the pro se complaint meets these requirements, the court will review it and determine whether to accept the complaint for filing.